W. S. ROBSON ET AL. v. PLINEY BYLER ET AL.

Delivered October 15, 1896.

**1. Public Roads—Order Changing—Collateral Attack.**

Where an order of the Commissioners Court directs a change in a public road and recites that due notice has been given, it is not void and subject to collateral attack because it fails to recite the purpose of the change, or that notice had been posted for twenty days as required by law, nor because neither the order nor the application recites that the petitioners were freeholders in the precinct in which the road was situated.

**2. Same—Discrepancies in Description.**

Slight verbal discrepancies between the description of the road as contained in the application and in the report of the jury of view will not render the order of court

thereon void for uncertainty, the presumption being that such discrepancies were susceptible of easy explanation which was made to the court before the order was entered.

**3. Same—Report of Jury of View.**

Where the report of the jury of view states that a proposed change in a public road will lengthen the road, and that such change is unnecessary, this is not conclusive upon the court, which may nevertheless order the change, if deemed for the benefit of the public.

**4. Same—Summary Order of Court to Open Former Road.**

The Commissioners Court made an order directing a change in a public road; that the new road should be 30 feet wide, and cleared of obstruction, and should be opened free of expense to the county, in accordance with an agreement made with one of the petitioners. Held, that after the change had been made and the new road used by the public for two years, the Commissioners Court had not the power to annul its previous order, of its own motion and without notice, and direct the summary re-opening of the road and removal of fences across the same, merely because said petitioner had opened a portion of the new road to a width of only 15 feet.

APPEAL from Fayette. Tried below before Hon. H. TEICHMUELLER.

*Moore & Duncan,* for appellants.—1. The Commissioners Court have no power to lay out a road except upon a petition of freeholders residing in the precinct and describing the road sought to be changed. The road laid out and described in the report of the jury of view must be the same road described in the petition of freeholders, and also the one described in the order appointing the jury of view. If the petition of the freeholders describe one route giving the point of beginning and point of termination, and the report of the jury of view shows that they have laid out the road on different lines and with a different termination, in other words a different road, their action is void. There is no petition or proceedings to support their action.

2. The proceedings to condemn land for public use, or to change, and alter public roads, is special in its character, and its validity must depend upon a compliance with the law authorizing it. Nothing is to be presumed in favor of the power of such a tribunal; and it is incumbent upon one seeking to show rights under its decree to show that the court had acquired jurisdiction to render it. Its proceedings cannot be aided by parol testimony. Cummings v. Kendall County, 26 S. W. Rep., 439; Parker v. Railway, 19 S. W. Rep., 519.

*Brown, Lane & Jackson,* for appellees.—1. The road petitioned for, the one ordered to be laid out, the one actually laid out, and the one established, are in fact one and the same, and all must necessarily occupy the same ground. In law, as to description, that is certain which may be made certain.

2. The order of the Commissioners Court of date November 13, 1893, which undertook to reestablish the old road formerly discontinued by the order of May 11, 1891, is void upon its face and is directly assaulted as void by the petition of plaintiff. Wooldridge v. Eastland, 70 Texas, 680; McIntire v. Lucker, 77 Texas, 259; Floyd v. Turner, 23 Texas, 292; Murchison v. White, 54 Texas, 78.

PLEASANTS, ASSOCIATE JUSTICE.—On May 4, 1891, the Commissioners Court of Fayette County, upon the petition of T. H. Byler and eleven others, by order duly entered on the minutes, made a change in the LaGrange and Lockhart roads. The change was made of that part of the road as it then ran over the lands of the petitioner T. H. Byler. The road was a second-class public highway. The order making the change directed that the road to be opened, in lieu of that which was discontinued, should be thirty feet wide and cleared of obstructions; that it should be opened without expense to the county, "in accordance with the agreement of the petitioner Byler, then on file in said court."

The petitioner Byler opened a road between the points, and along the line designated in the order and report of the jury of view, thirty feet wide, and cleared it of obstructions, except that portion which ran on the boundary of petitioner Byler and petitioner J. L. Stagner. At this point the road was cleared of trees and stumps within Stagner's enclosure, but his fence was not removed until after the institution of this suit, so that, for the width of Stagner's field, the new road was in fact but fifteen feet wide. As thus opened, this road was used by the public, and the lands of Byler, over which the road formerly ran, were enclosed by him, and so remained until his enclosure was broken and the old road reopened by the overseer of the road and those assisting him, the act of the overseer being done in obedience to an order of the Commissioners Court made upon motion of the county attorney on November 13, 1893, said order being made without notice to Byler or to any one. This order, after reciting that the order of May 11, 1891, directing the change in the road, was made upon a misconception by the court of the report of the jury of view, proceeds to declare, "that the aforesaid order is reconsidered, and that same is set aside and held for naught, and that the court upon its own motion establishes the old road, and the road overseer shall open the same clear of all obstructions."

The report of the jury of view referred to in this order advised the court that the road had been laid out in accordance with its order, and the jurors expressed the opinion that the change was unnecessary; that the land over which the new road was would be found to be no better than that over which the old road ran. Thus far only did the report advise against the change ordered to be made in the road. The report of the jury of view showed also that the change would lengthen the road over five hundred yards. When the overseer, over the protest of T. H. Byler, broke the latter's fence preparatory to re-opening the road, which had been closed for over two years, Byler brought this suit, and obtained a writ of injunction restraining the appellants from opening the road in obedience to the order of November 13, 1893. The petition sought to recover damages for the injury done him in breaking his enclosure and exposing his land to the depredation of stock, and to prevent the re-opening of the road across his lands as it was prior to May

11, 1891, and plaintiff charged that the order of November 13, 1893, was null and void and without effect.

The defendants, the appellants here, appeared and presented various grounds of defense to the suit, justifying the breaking of plaintiff's fence upon the assumption that the order of May 11, 1891, was null and void, and that the old road was not discontinued, and that the road ordered to be laid out, if it be conceded that the order was valid, was never in fact laid out; that the plaintiff had not complied with his agreement to lay out a second class road, free of all obstructions, and without costs or expense to the county; and until he had done this, the old road remained unchanged, and that his act in closing the road and erecting his fence across it was illegal; that he was not therefore entitled to relief from a court of equity, and that his remedy, if any he had, was at law. These defenses were presented by exceptions and answer, and upon trial of the case verdict and judgment were rendered for the plaintiff (the personal representative of T. H. Byler, the latter having died between the institution of the suit and the trial), for $5 damages for injury to plaintiff's fence, and the injunction previously issued restraining and enjoining the defendants from re-opening the road over plaintiff's lands was perpetuated; and a new trial being over-ruled, defendants appealed to this court.

The first and controlling question presented by the record for our decision is the validity or invalidity of the order of the Commissioners Court, of May 11, 1891. If that order be, as appellants insist it is, void, the plaintiff has no standing in court, and the judgment rendered for him must be reversed. On the other hand, if that order be not void, it cannot be collaterally attacked by defendants in this suit. That which is void is available to no one for any purpose, neither can it affect the rights of any one under any circumstances; but a judgment which is voidable only, continues in full force and vigor until reversed on appeal or set aside by appropriate judicial proceedings had in the court in which it was rendered, at the suit of a party whose rights it affects.

Appellants assail the order on the ground, (1) that the record fails to disclose that the Commissioners Court ever had jurisdiction of the subject matter. (2) The record shows indisputably that the road laid out under the order is not the road petitioned for, but is an entirely different road from the one described in the petition asking for the change. (3) The proceedings of the Commissioners Court show clearly that the change sought to be made in the existing road made the road much longer, and placed it on no better ground, and the change did not benefit the public. (4) It was the duty of the petitioner Byler, assuming that the court had jurisdiction of the subject matter, to have procured the land for this road for its whole length, and to have cleared it of all obstructions, giving a width of thirty feet for the entire distance; and until this was done, the road as it existed at the time of the application could not be discontinued, and remained unchanged.

· Upon each of the first three of these grounds, the verdict, it is insisted, is null and void, and consequently it conferred no rights upon the plaintiff Byler, and made no change in the road, and placed no restraints upon the public in respect thereto.    It is contended that the Commissioners Court is one of special jurisdiction, and that its proceedings must show upon the record the existence of every fact essential to give power to the court to do what its records shows it has assumed to do, and that the record does not comply with this requirement of the law, in the following particulars:    That neither the application nor the order recites that the petitioners were freeholders in the precinct in which the road was situated; that the order does not recite that notice of the application had been given for twenty days by posting the same at the several places named in the statute; that the order does not show affirmatively that the facts necessary to give the court jurisdiction existed, or were shown to the court to exist; and that the order does not show that the change was sought for the purpose of shortening the road, or if the purpose was not to shorten the distance, it is not shown by recitals in the order that, upon a full investigation of the proposed change, it was shown that the public interest would be benefited by the change.

The order recited that due notice had been given, and it contained none of the recitals the absence of which is complained of by appellants.    That there are decisions by courts whose opinions and judgments are entitled to great respect which sustain the contention of appellants, must be conceded; but there are other decisions by courts equally respectable holding adversely to appellant's contention, and these decisions are, in our opinion, more conservative, and are more in harmony with our own conceptions of the law.    Elliott on Roads and Streets, Chapter 14, first edition, and authorities there cited.

The statute of this State gives the Commissioners Court jurisdiction over public roads, but the statute does not require that the record of the proceedings of the court shall embody all the facts the existence of which was indispensable to authorize that to be done by the court which the record shows was done.    The weight of authority, we think, is to the effect that, if there is a substantial compliance with the statute apparent upon the face of the record, the proceedings will be upheld, even when directly attacked.    The Commissioners Court is an important, if not an indispensable, factor in the administration of the local government of the county; and while its jurisdiction, like that of every other court of the State, is limited, its jurisdiction is general over the subject matters committed to its administration, and in support of its proceedings every reasonable presumption should be indulged.    We therefore think that the appellant's first objection to the judgment is not available as a defense to the plaintiff's suit.

Nor do we think the order shows, as is alleged by the appellants under their second objection, that the road actually laid out was another and different road than that described in the application for the change and

in the order appointing the jury of view and directing them to lay out the road.    The petition for the change in the road, contained the following description of the proposed road:    "Beginning at the S. E. corner of C. H. Null's tract of land, where the Foard's Prairie road intersects the LaGrange and Lockhart road, to run with the McFarland and Brody league line, to intersect the LaGrange and Flatonio road near J. L. Stagner's S. E. corner tract of land, distance about 400 yards." The order appointing the jury of view and directing the change to be made, describes the road to be laid out as "beginning at the S. E. corner of C. H. Null's land, where the Foard's Prairie road intersects the LaGrange and Lockhart road, to run on the E. and W. lines of the McFarland and Brody league line, and to intersect the LaGrange and Flatonia road near J. L. Stagner's S. E. corner, about 400 yards distant."    The report of the jury of view described the road laid out as "beginning at the same point given in both the application for the change and the order directing the change and ordering the road laid out;" and then proceeds in the following words:    "To run E. and W. line of the McFarland and Brody league lines, to intersect the Barton creek and Flatonia road at or near the N. E. corner of J. L. Stagner's land."    The order approving the report describes the road laid out by the jury of view as "beginning at the same point described in the report of the jury, the previous order of the court, and in the application praying for the change;" and then gives the further description:    "To run E. and W. on McFarland and Brody league lines, to intersect the Barton creek and Flatonia road near the corner of J. L. Stagner's tract of land."

These several descriptions of the road contain, it is true, several verbal discrepancies, but they are not such as to render the description void for uncertainty; on the contrary, we must presume that they were susceptible of easy explanation, and that the explanation was made to the court before the order approving the report and establishing the road was entered.    The degree of certainty required in the description of the road is not the highest, but only such as is reasonable.    If the description be such as that the places designated will enable persons familiar with the locality to locate the way with reasonable certainty, it will be deemed sufficient.    Elliott on Roads and Streets, pp. 254, 255.

That the jury of view did not approve of the change cannot affect the judgment of the court.    The opinion of the jury, even if it be conceded that they were authorized to advise the court, was certainly not conclusive upon it; and we must presume that the court, after investigation, reached the conclusion that, notwithstanding the change lengthened the road, it would benefit the public.    After due consideration of each and all of the many objections urged to the entire proceedings of the court, from the application praying for the change in the road to and including the order made on May 11, 1891, we are unable to regard any of them as sufficient to invalidate any part of the proceedings of the court

in a collateral attack.    Whether any of them would be good in a direct attack, it is unnecessary to determine.

Under the fourth head of their objections to the order of the court opening the road, the appellants submit the proposition that the plaintiff Byler having agreed to open a road thirty feet wide for the entire length of the road and clear the same of all obstructions, and not having fully performed his agreement, he could not legally close the old road, and was not entitled to an injunction restraining the overseer from opening the road over his lands as it formerly ran.    To this proposition we do not accede.    The road opened by Byler had been used as a public highway over two years before the Commissioners Court undertook to vacate the order of May 11, 1891, and for this length of time his lands through which the old road ran had been enclosed.    If the road opened was not in all respects such as Byler had promised should be opened, the county had its remedy against him.    The court, upon its own motion, after due notice, might have changed the road as opened so as to run it as it ran prior to May 11, 1891; or it might have had the new road cleared of obstructions for the entire length, and recovered from Byler the expenses incurred in completing the new road partly opened and cleared by him.    But Byler's failure to comply strictly with his engagement could not clothe the Commissioners Court with the power to declare the order of May 11, 1891, null and void, and direct, as it did by its order of November, 1893, the overseer to reopen the road which had been in fact discontinued for over two years.    Such order itself was a nullity, and could give authority to no one to break the enclosure of Byler; and the act of the overseer and those acting with him was such an invasion of the rights of Byler as to entitle him to the protection of the law, and the writ of injunction was the only adequate protection for him against further injury by the execution of the unauthorized order of November 13, 1893.

There was no error in giving judgment for damages against the overseer, and in perpetuating the injunction restraining him and the other appellants from reopening the road over appellee's land, and the judgment is affirmed.

*Affirmed.*

Writ of error refused.   Written opinion, 90 Texas, 382.