## CROFUT-KNAPP CO. v. WEBER et al.

No. 4843—Opinion Filed June 12, 1917.

Corrected and Refiled and Rehearing Denied January 8, 1918.

(167 Pac. 464.)

(Syllabus.)

### Appeal and Error — Supersedeas Bond—Accrual of Action.

After the time has expired for appeal, and the judgment has become final, and not paid, or otherwise stayed, an action will lie on a statutory supersedeas bond, conditioned for the payment of "the condemnation money and costs in case of [the] judgment or final order shall be adjudged against it," even though the appeal has not been perfected, or fails for want of prosecution.

Error from District Court, Washington County; R. H. Hudson, Judge.

Action by the Crofut-Knapp Company against Howard Weber and others. Judgment for defendants, and plaintiff brings error. Judgment reversed.

B. B. Foster and Keaton, Wells & Johnston, for plaintiff in error.

J. P. O'Meara, for defendants in error.

TURNER, J. On February 10, 1912, the Crofut - Knapp Company, a corporation, plaintiff in error, in the district court of Washington county, sued C. & S. Toggery Company as principal and the other defendants in error as sureties upon a supersedeas bond which reads:

"Know all men by these presents, that the C. & S. Toggery Company, principal obligor, and J. E. Childers, Ethel K. Childers, and Howard Weber, as sureties, are held and firmly bound unto the Crofut-Knapp Company, plaintiff in the above cause, in the sum of sixteen hundred and fifty ($1,650.00) dollars, for the payment of which, well, and truly to be made, we, and each of us, do hereby jointly and severally bind ourselves, our successors and assigns.

"Dated this 12th day of June, 1911.

"The condition of the foregoing obligation is such that, whereas, on the 3d day of June, 1911, judgment was rendered in favor of said obligee, plaintiff in said cause, and against the C. & S. Toggery Company, the principal obligor, defendant in said cause, for the sum of $814.55 and costs; and whereas, said defendant has taken an appeal from said judgment to the Supreme Court of Oklahoma: Now, therefore, if the said principal obligor herein shall pay to the said obligee the condemnation money and costs in case of [the] judgment or final order shall be adjudged against it, then this obligation shall be void; otherwise, to remain in full force and effect. [Signed.]"

The amended petition states:

"That upon the execution and filing of said bond by the defendants herein they obtained a delay and stay of execution on the judgment of plaintiff against the said defendant, the C. & S. Toggery Company, and that such stay of execution and the delay of the plaintiff in the enforcement of its judgment claim is a good consideration for the execution and delivery by the defendants herein of the said bond, and that now they are liable to the plaintiff herein on said bond as a common-law obligation and bond for the payment of its claim against the C. S. Toggery Company as hereinbefore alleged"

—and that, pending the stay of execution effected by the filing of said bond, the principal obligor, the defendant in said suit, was adjudged a bankrupt, and that it breached the bond by wholly failing to perfect its appeal within the time allowed by law, and by reason of having received the benefit of the stay. that defendants are estopped to deny the validity of the bond or their liability to pay, referred to therein, and that, except credits of two small sums paid there-

on by the trustee in bankruptcy, the judgment, execution of which was stayed by the filing of the bond sued on, is wholly unpaid, and that there remains due and unpaid on said judgment the sum of $759. It is further alleged that the C. & S. Toggery Company now has no property out of which this plaintiff can satisfy its said claim, and that it cannot collect its said debt, unless the same can be satisfied by a judgment against the sureties on said bond.

The question before us is: Did the court err in sustaining a demurrer to the petition? This point is ruled by McClain et al. v. Starr et al., 50 Okla. 738, 150 Pac. 666. There in the syllabus we said:

"After the time has expired for appeal, and the judgment has become final, and nor paid, or otherwise stayed, an action will lie on a statutory supersedeas bond, conditioned for the payment of 'the condemnation money and costs, in case the judgment or final order shall be affirmed in whole or in 'part,' even though the appeal has not been perfected, or fails for want of prosecution."

See, also, Peck et al. v. Curlee Clothing Co., 63 Okla. 61, 162 Pac. 735; Ewing et al. v. Board of Co. Com'rs of Ellis Co., 53 Okla. 250, 156 Pac. 229.

There is no practical distinction between that case and this on account of the difference in the language used in conditioning the respective bonds; this for the reason that both conditions are, in effect, the same, and both to the effect that the plaintiff in error "will pay the condemnation money and costs, in case the judgment or final order shall be affirmed, in whole or in part," as required by Rev. Laws 1910, § 5251. For what is the practical distinction between conditioning the obligor to pay in case the judgment appealed from is affirmed in whole or in part, and conditioning him to pay, if the judgment is adjudged, or goes, against him, which means affirmed, or— what amounts to the same thing—left undisturbed by failure to appeal. As we cannot hold that one who executes a bond and receives the benefit thereof will be permitted, in a suit upon it, to defeat its obligation, the judgment is reversed.

Let the motion to strike the petition for a rehearing and brief of amicus curiae be overruled. Let an order be entered overruling cause No. 4842, Wilson Bros. v. Graybill et al., 53 Okla. 315, 156 Pac. 308.

All the Justices concur.