### POWELL et al. v. EDWARDS.

No. 6986—Opinion Filed Nov. 20, 1917.

Rehearing Denied January 8, 1918.

(169 Pac. 617.)

**Appeal and Error—Supersedeas Bond—Action.**

After the time has expired for an appeal and the judgment has become final and not paid, an action will lie upon a statutory supersedeas bond conditioned for the payment of the condemnation money and costs in case judgment or final order shall be adjudged against it, even though the appeal has not been perfected or fails for want of prosecution.

(Syllabus by Hooker, C.)

Error from Superior Court, Muskogee County; Farrar L. McCain, Judge.

Proceeding on a supersedeas bond by Rachel Edwards against George K. Powell and the National Surety Company. Demurrer to petition overruled, judgment for plaintiff, and defendants bring error. Affirmed.

N. B. Maxey and Kelly Brown, for plaintiff in error.

Moulton & McKoin, for defendant in error.

Opinion by HOOKER, C. The defendant in error, Rachel Edwards, filed her petition in the superior court of Muskogee county, alleging that on the 14th day of March, 1913, she recovered a judgment against the defend-

ant George K. Powell, in the sum of $1,218.66, with interest and costs; that the said George K. Powell prayed an appeal from said judgment to the Supreme Court of the state of Oklahoma, which appeal was by the court granted, and he was allowed 90 days, in which to make and serve a case-made and 30 days in which to file a supersedeas bond in the sum of $2,438, and that the court did then and there order that, upon the filing and approval of such bond, execution, and further proceeding, said cause should be stayed until the appeal was decided by the Supreme Court, and that an execution in said cause be stayed for 30 days from the date of said order, pending the giving of said bond: that, thereafter, on the 4th day of April, 1913, the said George K. Powell did file a supersedeas bond in said court to secure the payment of said judgment, interest, and cost in the event the same should be adjudged against him, or affirmed in whole or in part, upon which bond the National Surety Company became the surety, and a copy of the judgment of the court and the order aforesaid, together with copy of. the supersedeas bond, is filed as a part of the petition.

It is further alleged that the said George K. Powell failed to file his petition in error in the Supreme Court of the state within the time provided by law, or at all, and that by reason of the acts of the defendants, George K. Powell and the National Surety Company, in staying execution on said judgment by having said bond filed and approved, and by reason of the failure to file the petition in error in the Supreme Court within the statutory time, or at all, the liability accrued upon said bond against both of said parties and in favor of defendant in error for the amount of said judgment, interest, and costs. To this pleading a demurrer was filed by George K. Powell and the National Surety Company, and overruled. Thereupon they declined to plead further, and stood upon their demurrer, whereupon judgment was rendered against them as prayed for, from which judgment they have appealed to this court.

The question involved in this cause has been decided by this court in the case of Crofut-Knapp v. Weber et al., 67 Okla. 163, 167 Pac. 464, wherein it is said:

"After the time has expired for appeal, and the judgment has become final, and not paid, or otherwise stayed, an action will lie on a statutory supersedeas bond, conditioned for the payment of 'the condemnation money and costs in case of [the] judgment or final order shall be adjudged against it,' even

though the appeal has not been perfected, or fails for want of prosecution."

Under the authority of the above-styled cause, the judgment of the lower court is affirmed.

By the Court: It is so ordered.