**JONES et al. v. FIRST NAT. BANK OF ADA et al.**

No. 8340—Opinion Filed March 12, 1918.

(171 Pac. 848.)

1. **Appeal and Error — Supersedeas Bond —Accrual of Liability.**

After the time has expired for appeal, and the judgment has become final, and not paid, or otherwise stayed, an action will lie on a statutory supersedeas bond, conditioned for the payment of "the condemnation money and costs in case of (the) judgment or final order shall be adjudged against it," even though the appeal has not been perfected, or fails for want of prosecution.

2. **Same—Effect of Time of Filing Bond.**

Where a supersedeas bond has been executed, filed, and approved by the clerk of the court in which the judgment was rendered after the time allowed by the court in which execution may be stayed pending the filing of the petition in error and case-made in the Supreme Court, and the plaintiff in error thereafter filed his petition in error and case-made in the Supreme Court, and has had the benefit accruing by virtue of the execution of said bond by a stay of said execution pending the disposition of his case

in the Supreme Court, neither he nor his sureties will be permitted to deny liability upon said bond because the same was not filed within the time originally allowed by the court for the same to be filed.

(Syllabus by Hooker, C.)

Error from District Court, Pontotoc County; Tom D. McKeown, Judge.

Suit by the First National Bank of Ada and others against C. H. Jones and another. Judgment for plaintiffs, motion by defendant Gilmore for a new trial overruled, and his appeal dismissed, and he brings error. Affirmed.

E. S. Kerr, for plaintiff in error.

Robt. Wimbish and W. C. Duncan, for defendant in error First Nat. Bank of Ada.

Opinion by HOOKER, C. The bank sued one Gilmore in the district court of Pontotoc county and recovered a judgment. Gilmore filed a motion for a new trial, and the same was overruled on October 9, 1913. An execution was stayed by order of the court for ten days in which Gilmore was allowed to execute a supersedeas bond in the sum of $2,519.50 to be approved by the clerk of the court pending the filing of his case-made and petition in error in the Supreme Court. Within the time a bond was presented to the clerk by Gilmore, but same was not approved, and about December thereafter he presented to said clerk the bond sued upon here as a supersedeas bond which was approved by the clerk, and Gilmore thereafter filed his appeal in the Supreme Court, but the same was dismissed thereafter by the court because it was not filed within time allowed by law. The bond as filed was in the sum of $2,319.50, and was executed by plaintiff in error and others. Judgment was rendered in this action upon said bond against all of the makers, and the plaintiffs in error for themselves have appealed and contend that the judgment should be reversed for two reasons, namely:

(a) That the bond provided for the payment of the condemnation money in case of affirmance in whole or in part, and inasmuch as the appeal was dismissed the cause was not affirmed in whole or in part, and consequently there was no liability upon said bond.

The dismissal of the appeal, because same was not filed in time, did not affect the judgment superseded; hence, under the authority of this court in the case of Crofut-Knapp Co. v. Weber et al., 67 Okla. 163, 167

Pac. 464, and Powell v. Edwards, 69 Okla. 20, 169 Pac. 617, this question must be determined adversely to the plaintiffs in error.

In the cases above cited, it is said:

"After the time has expired for appeal and the judgment has become final and not paid, or otherwise stayed, an action will lie on a statutory supersedeas bond, conditioned for the payment of 'the condemnation money and costs in case of (the) judgment or final order shall be adjudged against it,' * * * or fails for want of prosecution."

(b) That the bond was not filed within the ten days allowed by the court and not in the amount specified by the order of the court, hence the bond did not lawfully stay execution. This order was. made on the date stated, and the bond was filed October 18, 1913, but was not approved. Thereupon additional sureties, including plaintiffs in error, signed the same about November 10, 1913, and the clerk approved it on December 1, 1913. No execution issued upon said judgment, for the same was stayed, and the case-made with petition in error attached was thereafter filed in this court and subsequently dismissed because not filed in time.

When the case-made in the original action was filed, it contained the bond duly approved by the clerk of the court, and the plaintiff in error in said cause obtained all the benefits therefrom, and it would seem that they nor their sureties are not now in a position to be allowed to escape liability upon said bond.

This court, in Ryndak v. Seawell, 23 Okla. 759, 102 Pac. 125, said:

"Plaintiff in error has had the benefit of the bond. The purposes of the bond have been accomplished. It has protected plaintiff in error Ryndak from an execution pending the appeal, and if defendant in error had, pending the appeal, undertaken to have execution issued, he would have been prevented from doing so by said bond, for if, on examination, such bond, when found filed among the records in the case, had not contained upon it the approval of the clerk, upon a showing of the plaintiff in error Ryndak that, if such omission of the clerk was due to no fault of plaintiff in error, the court would have permitted a nunc pro tunc order directing the entry of such approval. * * *"

And in the case of Mueller v. Kelly, 8 Colo. App. 527, 47 Pac. 72, the Supreme Court of Colorado said:

"The appeal bond was not filed within the time limited by the court, and we can readily agree with counsel in their observations upon the statutory character of appeals, and the steps necessary to give the appellate court jurisdiction, without accepting the conclusions, which they reach upon the particular facts of this case. The effect of an appeal bond is to stay proceedings upon the judgment until the appeal is disposed of. At the solicitation of Roth & Co., a stipulation was procured from the adverse party, permitting them to file their appeal bond after the time allowed had expired. In pursuance of the stipulation, the bond was filed and approved. It must have been filed for the purpose of staying proceedings upon the judgment. It could have been filed for no other purpose. And the defendant, when he signed the bond as surety, is presumed to have known the object it was intended to accomplish. It seems to have efficiently served the purpose for which it was designed; and after the full benefit of the stipulation, and of the bond executed in pursuance of it, has been taken and appropriated, it is too late to question the validity of the bond. Abbott v. Williams, 15 Colo. 512, 25 Pac. 450.

"No objection either to the judgment or the bond was taken during the pendency of the appeal. The appeal was dismissed solely because of the failure in its prosecution. * * * The dismissal was therefore equivalent to an affirmance of the judgment."

The judgment of the lower court is therefore affirmed.

By the Court: It is so ordered.