## HOWE et al. v. FARMERS & MERCHANTS BANK et al.

No. 20527. Opinion Filed Jan. 26, 1932.

Rehearing Denied March 8, 1932.

R. D. Howe and E. C. Hopper, Jr., for plaintiffs in error.

Clark Nichols, Jack Nichols, Turner & Turner, and H. B. Paris, for defendants in error.

SWINDALL, J. This is an action on an undertaking to stay execution on a money judgment. Judgment for plaintiff, and defendants appeal.

The undertaking to stay execution was filed in case No. 4142, in the district court of McIntosh county. In that case a money judgment had been rendered for the plaintiff December 17, 1924. After the expiration of the period granted to the defendants within which to file an approved undertaking which would be operative to stay execution pending the perfection of the appeal, the plaintiff sued out an execution under which a levy was made upon real estate, which was advertised by the sheriff to be sold April 13, 1925. On April 6, 1925, without a further order of the trial court, an undertaking in statutory form was approved by the court clerk and was filed in the case. The plaintiff then informed the sheriff that an undertaking had been filed and instructed him not to proceed with the sale. The plaintiff's attorney testified that no further proceedings were taken or contemplated to enforce collection of the judgment by execution after he learned of the filing of the undertaking.

The defendants claim that the undertaking has no validity and that they procured a stay of execution by order of this court in an appellate proceeding, numbered 16459. 114 Okla. 118, 248 P. 318. They claim that the plaintiff disregarded the undertaking and that for that reason they applied for and obtained the order for a stay. They contend that the stay was granted without an undertaking. They also contend that no petition in error was ever filed to reverse that judgment.

To understand all of the contentions, it is necessary to consider a more complicated set of facts.

On the day the trial court rendered judgment in case No. 4142, it also rendered judgment for the same plaintiff and against the same defendants in another action, case No. 4141, an action to foreclose a mortgage. That was December 17, 1924. The record on appeal was filed in this court May 29, 1925. In this court, in case No. 16459, it appears that the defendants had filed only one petition in error, a petition in error to reverse the foreclosure judgment. A case-made had been settled and signed in each case, but without authority the defendants had combined them and had filed the altered record in this court, together with a petition in error seeking to reverse the foreclosure

judgment and with a motion to consolidate the cases on appeal, but with no petition in error seeking to reverse the money judgment rendered in case No. 4142.

No undertaking to stay execution of the foreclosure judgment had been filed, and the stay order made by this court was made on June 16, 1925, just about the last day of the six months' stay operative under the waiver of appraisement in the mortgage.

The order staying execution which was made by this court was an order that "execution in the above cause be, and same is hereby stayed pending final disposition of this cause." The order made no reference as to terms and was silent as to an undertaking. The defendants claim that the stay order stayed execution upon the money judgment and at the same time deny liability because no petition in error was filed to reverse that judgment. The plaintiff denies that application was ever made to stay execution on the money judgment, and claims that the application was merely to stay execution on the foreclosure judgment. If we consider that the order operated to stay execution on the money judgment, we cannot see that it constitutes a defense in this action. The stay order makes no reference to an undertaking, and we cannot conceive that this court would undertake to grant a stay of execution upon a money judgment without requiring an undertaking unless it was informed of the fact that one had been given. Further, as will be seen, the statutory provision that an undertaking shall not operate as a stay of execution until a petition in error has been filed has only to do with the effect of the undertaking in effecting a stay of execution as a matter of right. It was never within the contemplation of the law that an undertaking could be filed and approved and that a subsequent stay order could be obtained, whether from the trial court or from this court, without liability upon the undertaking. The judgment debtors having filed an approved undertaking, and having obtained a stay as a matter of right, would certainly be liable upon the undertaking, and the requirement that the petition in error be filed would have no application, as that provision was intended only to deny effect to the mere filing and approval of the undertaking. Further than that, it would seem clear that since the judgment debtors only obtained an order to stay execution "in the above cause," they could not deny the pendency of the cause in this court. and could not, therefore, deny the filing of the petition in error, which would be merely an application of the common doctrine of estoppel by accepting the benefit of an order

or judgment. But it is unnecessary to base the holding upon an estoppel or to base it upon anything more than the broad ground that if an undertaking has been filed and a legal stay is obtained by order of a court, the law does not contemplate that under such conditions there shall be no liability upon the undertaking, and it is then immaterial whether a petition in error is filed or not.

But it appears that the appeal was dismissed as duplicitous, the foreclosure case not having been properly appealed, although a petition in error had been filed to reverse it, because the record had been altered without authority; and the other case was not properly appealed because no petition in error had been filed to reverse the judgment. In the opinion dismissing the appeal it was clearly recited that no petition in error had been filed to reverse the judgment in case No. 4142, and that being so, if we conclude that the stay order was not applied for to stay execution upon that judgment, and that, as said by the plaintiff, the application was merely to stay execution upon the foreclosure judgment, which is the most favorable position we can take for the defendants, for if the stay order did apply to the money judgment there was a clear liability, what is the law applicable to such a condition, where the undertaking is filed after the time fixed for filing of the undertaking to obtain a stay pending perfection of the appeal, and no further order is obtained. and no petition in error is ever filed?

As to that situation the defendants make several contentions. They not only contend that the undertaking was void because no petition in error was filed, but they claim also that there can be no stay without an order of the trial court or of this court, and that unless the undertaking is filed within the time fixed by order of the trial court in extending the time within which to have the case-made settled and signed, it is void.

Those contentions disclose misconceptions as to the history and effect of our statutory provisions relating to a stay of execution, the purpose of the statutory provisions, and the inherent power resting in the court.

At common law proceedings in error operated of their own force to stay execution, but section 794, C. O. S. 1921, provides as follows:

"No proceeding to reverse, vacate or modify any judgment or final order rendered in the county, superior, or district court, except as provided in the next section, and the fourth subdivision of this section shall operate to stay execution, unless the clerk of the court in which the record of

such judgment or final order shall be, shall take a written undertaking, to be executed on the part of the plaintiff in error, to the adverse party, with one or more sufficient sureties, as follows:"

—and the same section then provides with reference to a money judgment:

"First. When the judgment or final order sought to be reversed directs the payment of money, the written undertaking shall be in double the amount of the judgment or order, to the effect that the plaintiff in error will pay the condemnation money and costs, in case the judgment or final order shall be affirmed, in whole or in part."

Section 797 provides:

"Before an undertaking shall operate to stay execution of a judgment or order, a petition in error must be filed in the appellate court and the execution of the undertaking and the sufficiency of the sureties must be approved by the court in which the judgment was rendered or order made, or by the judge or clerk thereof; provided that at any time when the time for making or contemplating (completing) a case-made is extended by the court or judge, the court or judge shall include in such order an order staying execution pending the giving of an undertaking as herein provided for and the time within which the proceedings in error shall be filed in the Supreme Court, in order to continue such stay of execution pending the completion and settling of the case and the filing of the petition in error in the Supreme Court, and in the event that the judgment of the court to which the appeal is taken is against the appellant, judgment shall, at the same time it is entered against the appellant, be entered against the sureties on his said undertaking to stay execution, and execution shall issue thereon against said sureties the same as against their principal, the appellant, and no stay of such execution shall be permitted."

The only requisite to stay execution upon a money judgment then is the filing of the approved undertaking and the filing of the petition in error, and then there is a stay operative as a matter of right, and without a court order. As originally enacted, there was no provision for a stay pending perfection of the appeal, that part of section 797 having been enacted in 1905, Session Laws 1905, p. 328.

So, prior to that amendment two things were necessary to obtain the stay of execution on a money judgment, the filing of the approved undertaking in the sum, and conditioned as provided by the statutes, and the filing of the petition in error. However, the statutes not only provided for the granting of stay of execution in cases not specifically provided for, but, as will be seen, there was also an inherent power in the trial court to provide for a stay of execution prior to the filing of the petition in error. In re Epley, 10 Okla. 631, 64 P. 18. In 1905 it was provided that in extending the time for settling and signing of a case-made, the trial court should fix the time within which an undertaking might be given to become immediately operative and effect a stay pending the perfecting of the appeal. That was not a grant of power, but it was merely a direction to utilize to that extent an inherent power already existing. And it was not a limitation upon that inherent power. Sautbine v. U. S. Cities Corporation, 114 Okla. 110, 243 P. 499.

However, the defendants cite cases holding that when the time for signing and settling of a case-made has once expired, it cannot be extended by an order of the trial court or judge, and they argue by analogy that the same is true of the case where the time fixed by order of the trial court for giving an undertaking to be operative as a stay has expired so that the court has no power to permit an undertaking to be filed. There is no analogy. Statutory provisions for appeal confer rights, and it is usual to hold that the right must be exercised as conferred. But in the absence of a statute regulating stay of execution, appellate proceedings operate of their own force to stay execution, and it is the law that the trial court has an inherent power to stay execution of its judgments. The statutes requiring both the undertaking and the filing of the petition in error do provide that to claim a stay as a matter of right there shall be both the undertaking and the pending appeal, but it has been expressly held by Sautbine v. U. S. Cities Corporation, supra, that the trial court still has inherent power to make a stay operative prior to the filing of the petition in error, and it has power so to do even after the expiration of the time originally fixed by its order.

But in urging the contention that there is an analogy between inability to extend the time for settling and signing of the casemade after it has once expired, and permitting the filing of a stay undertaking after the time once fixed has expired, the defendants themselves cite Sautbine v. U. S. Cities Corporation, supra. It would seem a sufficient answer that the opinion in that case squarely refuted the contention. In that case the time fixed had expired, and yet this court held that the execution could be recalled and the filing of an undertaking could be permitted by order of the trial court. It is true that in the opinion the court said something about the trial court still having jurisdiction, but the holding was squarely

to the effect that expiration of the time fixed for filing the stay undertaking did not deprive the court of power to later grant a stay and permit the undertaking to be filed. We do not deem that any expression as to jurisdiction was necessary, the appeal not having been finally determined and the judgment being still unexecuted. Jurisdiction to determine the validity or correctness of a judgment is one thing; jurisdiction to enforce execution of the judgment is a different thing. At common law the judgment would not be executed until determination of the appellate proceedings, but under our statute providing that the appellate proceedings shall not operate of their own force as a stay, the two matters are clearly distinguished. The pendency of an appeal is in no manner determinative of whether execution of the judgment has or has not been stayed. If not stayed, the trial court still has jurisdiction to enforce it, and we fail to see any reason for applying to this court for a stay order on a money judgment. at least in the first instance. The giving of the undertaking and the filing of the petition in error are legally effective to require a stay, and the only occasion for applying to this court for a stay order would seem to be where the trial court was refusing to recognize a stay to which the judgment debtor was entitled, having fully complied with the statutory requirements necessary to obtain it.

Further, we see nothing in our statutes at all indicating that the right to a stay is lost until the final determination of the appeal, the judgment remaining unexecuted. The analogy urged by the defendants fails, and the cases holding that the time for the settling and signing of a case-made cannot be extended if it has once expired, are not authority upon the contention that the stay undertaking must be filed within a time fixed by order of the trial court where the stay is upon some kind of a judgment specified in the statutes giving the stay as a matter of right upon compliance with the terms of the statutes, the giving of the bond and the filing of the petition in error. Upon the necessity of filing an undertaking for a stay the defendants cite cases from other jurisdictions, and they are not only cases where the statute does not provide for a stay as a matter of right, but require an order for the stay. but they are also cases holding that no stay can be obtained in any case unless the undertaking is filed within the time fixed by the statutes. It is to be observed that the decisions passed upon statutory requirements, and it seems clear to us that the statutes were improvidently drawn because of a supposed analogy be-

tween an appeal and a stay of execution. The requirement for permitting the filing of an undertaking to be operative prior to the filing of the petition in error was to permit obtaining a stay prior to becoming entitled to it as a matter of right under the statutes. We find no provision denying a stay whenever the two conditions have been met, when a petition in error has been filed, and an undertaking has been filed. We can understand why the statute would deny a stay as a matter of right upon the filing of the undertaking prior to the filing of the petition in error, leaving the matter of a stay pending the filing of the petition to the inherent power of the trial court, to insure diligence and good faith in perfecting the appeal, but we find nothing denying effect to the undertaking when there is a petition in error pending. In jurisdictions where the statutes do not require the undertaking to be filed within a fixed time, the law seems to be that the undertaking can be filed at any time prior to the determination of the appeal, the judgment being still unexecuted so that there is still a subject-matter upon which it may operate. Such is the law of California:

"These latter undertakings are commonly referred to as undertakings to stay execution. They are not required, like the $300 bond, to be filed within a certain number of days, but may be filed at any time before the judgment or order is executed. As was said in Hill v. Finnigan: 'There is nothing in section 942, or elsewhere in the Code, which prohibits the making and filing of a stay undertaking any time before the execution is satisfied by sale under it. An execution may be issued upon the judgment after the cause has been brought here on appeal, and after the appeal it may be stayed by proper undertaking filed below.'" Hayne on New Trial and Appeal, section 215, vol. 2, pp. 1186-7, citing Hill v. Finnigan, 54 Cal. 493.

Such is also the law of Texas, and there the courts clearly distinguish between the case where one bond is filed to serve both as an appeal bond and as an undertaking to stay execution, and the case where an appeal bond has been filed in time and a separate undertaking is given to stay execution, holding that in the case of the single bond it must be filed within the time fixed for filing an appeal bond, but in the latter case the undertaking to stay execution may be filed at any time while the appellate proceedings are pending, the judgment or order being unexecuted. Patrick v. Laprelle (Tex Civ. App.) 37 S. W. 872; Allen v. Kitchen (Tex. Civ. App.) 156 S. W. 331; Lingwiler v. Anderson, (Tex Civ. App.) 270 S. W. 1052. Such is also the law of Nevada. Silver Peak

Mines v. Second Judicial Dist. Ct., 33 Nev. 97, 110 P. 503, Ann. Cas. 1913D, 587.

It must be conceded that an undertaking not filed within the time fixed by an order providing for a stay of execution pending the perfection of the appeal would not be operative of its own force alone to stay execution and that to make it operate as a stay the petition in error must be filed, but it does not follow that an undertaking so filed may not effect a stay, not only by the obtaining of an order for the stay, but by the judgment creditor not proceeding to enforce collection of the judgment by execution, so that it may not follow from the mere filing of the undertaking out of time and even without a further order of the court, that there would be no liability upon the bond. Indeed, the defendants seem to understand that, for they deny that they received any benefit from it and contend that the plaintiff was acting, or threatening to act, in repudiation of the undertaking as effecting a stay.

What the plaintiff did was a matter in issue, and we are forced to conclude to support the judgment, if that will support it, that the plaintiff did not repudiate it. It is clear that the sale that was advertised was called off, and the plaintiff's attorney testified that no further proceedings were taken or contemplated. Another claim made by the defendants, that by issuing execution the plaintiff was estopped to claim under the execution, is without merit, for the execution was issued before the undertaking was filed, and it was a sale advertised under that execution that was called off by the plaintiff's attorney on learning of the filing of the undertaking.

It has not only been held that even though a petition in error is dismissed because filed after the expiration of the time for appeal, there is liability upon the undertaking—Peck v. Curlee Clothing Co., 63 Okla. 61, 162 P. 735; Jones v. First National Bank, 69 Okla. 199, 171 P. 848—but it has also been held that there is liability under the undertaking even though no petition in error is ever filed—Starr v. McClain, 50 Okla. 738, 150 P. 666; Crofut-Knapp Co. v. Weber. 67 Okla. 163, 167 P. 464; Powell v. Edwards, 69 Okla. 20, 169 P. 617; Ward v. Schwab, 106 Okla. 29, 232 P. 849.

In some cases it seems to have been assumed that there was a stay of right, but in many cases it was merely said that there was a stay in fact of which the debtor had the benefit, and no stress seems to have been laid upon whether or not the undertaking was filed within the time fixed by order of the trial court, that fact not appearing in many of the opinions. It appears to the writer that the court has not been concerned with whether the stay was obtained as a matter of right rather than as a matter of fact, and we consider it pretty well settled in this jurisdiction that if the end sought by the filings of the undertaking is obtained, if execution is stayed, there is liability on the undertaking. That seems not only well settled in this jurisdiction, but there are numerous authorities to the same effect in other jurisdictions. It is unnecessary to quote from them, but one case seems peculiarly appropriate, for that case not only states the rule and cites numerous authorities to the effect that if there is a stay in fact there is a liability, but it discusses the inherent power to make such an undertaking operative as a stay, just as was done in this jurisdiction in Sautbine v. U. S. Cities Corporation, supra.

"It is urged that the respondent could not have been compelled to refrain from enforcing his judgment pending the appeal, but we are decidedly of the opinion that he would have been promptly restrained, upon motion, it being shown that this bond had been given to secure him. But it would not be decisive of the question, if we should hold that he need not have abstained from proceeding under the judgment pending the appeal. The fact is that he did so abstain. This is sufficient. Said the court in Wing v. Rogers, 138 N. Y. 361, 34 N. E. 194: 'When an action is brought against sureties on a bond or undertaking given in an action or upon appeal, the validity and force of the instrument depend upon its efficacy in performing the office or accomplishing the end or result contemplated by the parties at the time it was given.' (Here follows citations.) Judge Elliott, in his work on Appellate Procedure, says; 'Weight is attached,—justly as we believe,—by the better-considered cases, to the fact that the bond has yielded the principal obligor beneficial consideration.' Section 357. See, also, 1 Enc. Pl. & Pr. 1019. * * * On principle, such a bond must be valid, unless the obligors can show that the appellants obtained nothing under the bond except what they were entitled to without it. That the appellants did obtain something else, we are clear, for it is our opinion that they had no absolute right to stay of execution of the judgment awarding possession to the respondent on the execution of the cost bond; and we are also clear that they obtained the privilege of retaining possession pending the appeal, and that the sureties signed it that they might retain such possession. Where an appellant, who does not become entitled to a stay as a matter of right by the doing of a particular act, voluntarily gives an undertaking for the purpose of securing a stay, which, in its effect, is substantially the same as that which the court might have required as a

condition of allowing a stay, the appellant and those who signed the instrument with him for the purpose of obtaining such stay, cannot, after it has accomplished its purpose, assail it for want of consideration, because the court did not order it to be given, or because it may not be precisely such an undertaking as the court would have required." Braithwaite v. Jordan (N. D.) 65 N. W. 701.

The result reached by these decisions has our unqualified approval, and it is unnecessary to base the conclusions upon consideration, offer and acceptance, estoppel, or waiver. The mere fact that an undertaking has been filed during the progress of litigation, for the obtaining of a desired end, where a statute requires, or a court would properly require an undertaking, would justify holding that there would be liability upon the undertaking if the desired end was obtained.

Judgment affirmed.

LESTER, C. J., CLARK, V. C. J., and RILEY, HEFNER, CULLISON, ANDREWS, McNEILL, and KORNEGAY, JJ., concur.