## HOWE et al. v. FARMERS' & MERCHANTS' BANK.

No. 22514. Opinion Filed Feb. 28, 1933.

Rehearing Denied March 14, 1933.

R. D. Howe, for plaintiffs in error.

H. B. Parris, for defendant in error.

PER CURIAM. This is an action for conversion commenced in the district court of McIntosh county. Plaintiffs appeal from a judgment of that court entered January 6, 1931, sustaining the objection to the introduction of any evidence by plaintiffs therein. The record discloses that the court had theretofore entered its judgment in cause No. 4141, an action instituted for the foreclosure of the very mortgage which the plaintiffs in this case use as a predicate for their action for damages against the defendant.

The judgment of the trial court in the foreclosure action was affirmed by this court on January 26, 1932, 155 Okla. 284, 8 P. (2d) 665, and since the filing of the various motions herein. In affirming the judgment of the lower court, this court said:

"In this court, in case No. 16459, it appears that the defendants had filed only one petition in error, a petition in error to reverse the foreclosure judgment. A case-made had been settled and signed in each case, but without authority the defendants had combined them and had filed the altered record in this court, together with a petition in error seeking to reverse the foreclosure judgment and with a motion to consolidate the cases on appeal, but with no petition in error seeking to reverse the money judgment rendered in case No. 4142.

"No undertaking to stay execution of the foreclosure judgment had been filed, and the stay order made by this court was made on June 16, 1925, just about the last day of the six months' stay operative under the

waiver of appraisement in the mortgage. * * *

"But it appears that the appeal was dismissed as duplicitous, the foreclosure case not having been properly appealed. * * * In the opinion dismissing the appeal, it was clearly recited that no petition in error had been filed to reverse the judgment in case No. 4142."

It is apparent, therefore, that plaintiffs in error herein attempted to appeal from the foreclosure proceedings, and did not succeed, and now seek to obtain the jurisdiction of this court in the novel procedure in this action.

It is apparent that at that time all the parties treated that judgment as a final determination of the matters involved in this action, and from an examination of the record it appears that this appeal is frivolous and for the purpose of delay only, and should be dismissed. It is so ordered.