**SCHNEIDER v. DECKER et al.**

No. 9104. Opinion Filed May 4, 1920.

(Syllabus.)

**Appeal and Error—Remand for New Trial on Account of Inconsistent and Contradictory Findings.**

In an action triable before the court where the trial court made findings of fact, and the same are inconsistent and contradict each other, on the material issue in the case, and there is evidence in the record reasonably supporting the contradictory findings of the court, upon appeal of this court, the judgment of the trial court will be reversed and remanded with instructions to grant a new trial in order that the trial court's findings may be consistent and not contradictory to each other.

Error from District Court, Woodward County; James B. Cullison, Judge.

Action for specific performance by George Schneider against H. F. Decker and others. Judgment for defendants, and plaintiff brings error. Reversed and remanded for new trial.

R. H. Nichols and S. M. Smith, for plaintiff in error.

Swindall & Wybrant, for defendants in error.

McNEILL, J. George Schneider brought suit in the district court of Woodward county against H. F. Decker and Ollie M. Calhoun for specific performance of a written contract, to require the defendants to execute a deed for 320 acres of land in Woodward county, Okla. The petition sets out the written contract executed by H. F. Decker to the plaintiff, dated the 13th day of February, 1915, wherein the defendant Decker, on or before the 13th day of March, 1915, was to furnish title and abstract for said land to plaintiff. The written contract executed by Decker and a cashier's check for the sum of $2,000 for the use and benefit of Decker were deposited in the New State Bank at Woodward, Okla.

An amended petition was filed by plaintiff, and Freidrich Weidner was made a party defendant. The plaintiff alleged that after entering into the written contract with Decker a deed was prepared to carry out the terms of the contract, and after the deed was executed and acknowledged by Decker, his wife, and Ollie M. Calhoun, Decker erased the plaintiff's name in said deed and inserted therein the name of Freidrich Weidner, and thereafter the parties had filed said deed for record in Woodward county, Okla., on the 4th day of March, 1915. He further alleged that said Weidner took said land with notice that the plaintiff had purchased the same, or had a contract of purchase, and of the further fact that plaintiff had taken possession of the land by virtue of his contract. Defendants filed an answer denying the allegations of the petition. Ollie M. Calhoun alleged that she had not signed the contract, and that Decker had no authority to bind her as her agent. Decker answered that he was unable to complete the contract with plaintiff and that he had sold the premises to Weidner. Weidner set up the plea that he was an innocent purchaser. On the trial of the case the court made certain findings of fact and rendered judgment for the defendants. From said judgment the plaintiff appealed.

The plaintiff in error, for reversal, makes 13 separate assignments of error, all of which may be disposed of as two questions, to wit: First. Are the findings of the trial court clearly against the weight of the evidence? Second. Was Freidrich W. Weidner an innocent purchaser and did he take with notice?

The court found that, at the time of executing the contract, a deed was prepared in favor of Mr. Schneider, and forwarded to Mrs. Decker in Colorado, the wife of F. H. Decker, who signed and acknowledged the deed on the 15th day of February, 1915. The court then made the following findings of fact which are material in this case:

"The court further finds from a preponderance of the evidence in this case that the defendant Decker took said deed and went to the city of Tulsa, Okla., for the purpose of obtaining the signature of the defendant Mrs. Ollie M. Calhoun; that Mrs. Calhoun refused to sign the deed as made or drawn up, bearing the name of Schneider, the plaintiff herein; and that the defendant Decker erased the name of the plaintiff Schneider in said deed and wrote therein the name of

'Freidrich Weidner'; that after the name was changed to 'Freidrich Weidner' the deed was signed by Mrs. Calhoun on the 18th day of February, 1915, and that on the 20th day of February, 1915, the said defendant H. F. Decker signed and acknowledged said deed, conveying the land to Freidrich Weidner."

"The court further finds from the evidence in this case that there is a strong presumption that the deed was in truth and in fact signed by the defendants herein, both of them, when the name of this plaintiff was in the deed, and that they intended to carry out the contract in question.

"The court further finds from the evidence in this case that there is a strong presumption that the defendant Decker, and possibly the defendant Ollie M. Calhoun, were induced to deed this land to 'Freidrich Weidner,' for the reason that they were receiving a larger sum or compensation for said land than the consideration they were to receive from this plaintiff."

These two findings of the court are inconsistent. The court in one instance finds a certain state of facts to exist, and then finds there is a strong presumption that a different state of facts exists. The finding of the court upon this question is the essential finding upon which the rights of the parties must be determined. If the defendant Decker executed a contract to Mr. Schneider and in compliance with that contract a deed was prepared in favor of Schneider, and executed by Decker's wife, and then by Mrs. Calhoun, and then executed by Decker, the same would amount to a ratification of Decker's contract with Mr. Schneider by Mrs. Calhoun, whether he was her agent or not, and thereafter Decker could not defeat specific performance of said contract by erasing the name of Schneider and inserting therein the name of Weidner, unless Weidner was an innocent purchaser. The trial court having found generally one way, and then made a finding that there was a strong presumption that a different state of facts existed, this court is unable to properly apply the rule of construction that should be applied to such findings, and to say whether or not the findings of the court are clearly against the weight of the evidence, for the reason the trial court has virtually found both ways on the same question.

The findings of fact, when made, should be made by the trial court, as he sees the witnesses, and notices their demeanor upon the witness stand, and is in a better position to determine the weight to be given said testimony than this court is. The evidence in the case upon the question of when the grantee in the deed was changed is very unsatisfactory, and for this court to pass upon the evidence when the trial court has found both ways seems improper. The record of the notaries public who took the acknowledgments of Mrs. Calhoun and Mr. Decker would no doubt disclose whose name was in the deed at the time of taking the acknowledgments, but neither side produced said testimony. Mrs. Calhoun gave no evidence upon this question, nor does she give any evidence as to whether she had refused to execute the deed when Schneider's name was inserted therein, nor does she give any evidence as to what authority Decker had to represent her in making the contract. The telegram or letter which Buchanan claims to have sent to Decker can easily be obtained, and the one from Decker to Buchanan. The defendants testify as to what was contained in these letters and telegrams without any showing as to why the originals were not produced. Decker gives no direct testimony of when he made the deal with Weidner, as to whether it was prior to March or not. The defendant Weidner gives no evidence of when he purchased the land. With the finding of the trial court both ways upon the material question, this court is unable to pass upon the case by giving the findings of the court the presumption they are entitled to.

For the reasons stated, the judgment of the trial court will be reversed and remanded for new trial.

RAINEY, C. J., and HARRISON, PITCHFORD, JOHNSON, and BAILEY, JJ., concur.