### WARD et al. v. SCHWAB.

No. 15390—Opinion Filed Dec. 9, 1924.

Rehearing Denied Jan. 27, 1925.

**Appeal and Error — Supersedeas Bond— Breach of Condition—Failure to File Petition in Error.**

The conditions of a statutory supersedeas bond, filed and approved for the purpose of staying execution during the pendency of proceedings in error to this court, are breached by a failure of the principal to file petition in error within the time allowed by law, and upon expiration of such time without such proceedings being instituted, liability attaches upon such bond. The trial court is authorized to take judicial notice of its own records and to find facts therefrom.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Tulsa County; Enloe V. Vernor, Assigned Judge.

Action by Peter Schwab against J. D. Ward, principal, J. R. Davis and J. H. Middleton, sureties, on a supersedeas bond, as defendants. Judgment for plaintiff, and defendants bring error. Affirmed.

This action was commenced May 16, 1923. by plaintiff filing his petition in the district court of Tulsa county against the above named defendants wherein it is alleged, in substance, that on June 7, 1922, plaintiff recovered a judgment in said court against the defendant, J. D. Ward, in the sum of $1,697.34, and that said defendant. J. D. Ward, filed his motion for a new trial which was overruled by the court, exception taken, and notice of appeal given in open court. That thereafter J. D. Ward filed a supersedeas bond in that action with J. R. Davis and J. H. Middleton as sureties, said bond being conditioned as follows:

"Now therefore if the principal obligor

herein shall pay to the said obligee the condemnation money, interest and costs in case the judgment or final order shall be adjudged against him, or affirmed in whole or in part, then this obligation shall be void, otherwise to remain in full force and effect."

That by virtue of the execution and filing of said bond the defendant, J. D. Ward, procured a stay of execution on said judgment. That the terms and conditions of said bond were breached in that the said J. D. Ward failed to prepare and serve case-made or to file petition in error in the Supreme Court within the time fixed by law and by order of said trial court, and plaintiff prayed for judgment against the defendants and each of them in the sum of $1,697.34, with interest thereon and costs.

The answer of the defendants consisted of an unverified general denial.

Lewis & Wortman, for plaintiffs in error.

Louis W. Pratt, J. M. Springer, W. H. Thompson, E. G. Wilson, and Wilbert F. Thompson, for defendant in error.

Opinion by LOGSDON, C. There is no merit in this proceeding in error. Upon the trial of the case plaintiff introduced in evidence the bond sued upon, and proved that it had been continuously in the possession of the court clerk of Tulsa county as one of the files of his office since the date of its execution and delivery. Thereupon the trial court took judicial notice of the records and files in the cause, and found therefrom that no appeal had ever been prosecuted from the judgment of June 7, 1922, and that the same had become final and remains unsatisfied. Plaintiff thereupon rested his case and defendants demurred to the evidence. This demurrer was by the court overruled, and defendants elected to stand thereon and prosecute this proceeding to reverse the judgment of the trial court. This case is controlled by the rule in the case of Starr et al. v. McClain et al., 50 Okla. 738, 150 Pac. 666, where the law is announced in the syllabus, thus:

"After the time has expired for appeal, and the judgment has become final, and not paid, or otherwise stayed," an action will lie on a statutory supersedeas bond, conditioned for the payment of 'the condemnation money and costs, in case the judgment or final order shall be affirmed in whole or in part,' even though the appeal has not been perfected, or fails for want of prosecution."

This case has been followed in the case of Peck et al. v. Curlee Clothing Co., 63

Okla. 61, 162 Pac. 735; Ewing et al. v. Bd. Co. Com'rs. of Ellis Co., 53 Okla. 250, 156 Pac. 229; Crofut-Knapp Co. v. Weber et al., 67 Okla. 163, 167 Pac. 464.

Upon the authority of these cases, and the provisions of Comp. Stat. 1921, section 797, the judgment of the trial court herein should be in all things affirmed.

By the Court: It is so ordered.

Note.—See 4 C. J. § 3359 (1926 Anno); 23 C. J. § 1917.