## SCHNEIDER v. DECKER et al.

No. 19719.    Opinion Filed Sept. 9, 1930.

Commissioners' Opinion, Division No. 2.

John J. Carney, for plaintiff in error.

C. H. Wyand, for defendants in error.

EAGLETON, C. Georg Schneider brought suit against E. C. Maddox et al., to vacate mortgage foreclosure judgment, to recover title to real estate, and to obtain damages for removal of improvements on the real estate, and for loss of use of said premises. Summons was served on E. C. Maddox only. His demurrer to the petition was sustained. Georg Schneider brought this appeal.

It is made to appear by the petition that Georg Schneider, in 1915, made a contract to purchase the real property involved. A deed was executed to him, but before delivery the name of the grantee was changed, the name of Frederich Weidner inserted, the property was sold and delivered to him. Schneider brought suit to enforce specific performance of his contract, alleging that Weidner bought the land with notice of his rights. On trial judgment was entered against the plaintiff. He appealed to this court and obtained reversal thereof. He contends that this court ordered decree of specific performance entered pursuant to opinion handed down in that cause on December 23, 1919 (Schneider v. Decker, No. 9104). He attaches to his petition in this cause a copy of that opinion and prays that the court enforce the provisions thereof and give him title and possession of the premises.

In his second cause of action, he alleges that the mandate from this court in cause No. 9104, supra, has not been received and spread of record in the trial court, and that the trial court was without jurisdiction to retry the cause and enter a decree requiring Weidner to convey the land to him, the plaintiff, and require this plaintiff to assume obligations thereunder.

He further contends that, after he had appealed the first cause, Weidner placed a mortgage on the premises; that Lida Zwergle thereafter by assignment became the owner and holder thereof; that the mortgagee and the assignees thereof all took with notice of the rights of this plaintiff and in furtherance of the fraudulent scheme to defeat his rights in the property, and that their claims were without force or effect as against him; that Lida Zwergle brought suit to foreclose this mortgage; that he was made defendant therein; he employed attorney to represent him; that the said attorney withdrew from the cause and allowed the mortgage foreclosure to go to judgment by default without his knowledge. He alleged further that E. C. Maddox took deed to the premises from the grantee of the purchaser at the mortgage foreclosure sale, but that his purchase was not, in fact, a purchase, but a mere pretense. Maddox was alleged to be in possession of the premises.

He prayed to vacate the mortgage foreclosure judgment, to set aside all the conveyances which clouded his title, for title to the premises, for possession thereof, to have his title quieted, and for damages.

The only question here presented is whether or not a cause of action was stated in plaintiff's petition.

This court will take notice of its judgments and decrees, of its records and proceedings in actions formerly pending before it. It will take particular notice of proceedings formerly pending before it, to which reference is made in the pending litigation, wherein the same persons or their privies were parties and a decision vital to the pending cause has been entered. Loeser v. Loeser, 50 Okla. 249, 150 Pac. 1045; Ward v. Schwab, 106 Okla. 29, 232 Pac. 849; Courtney v. State (Okla. Cr.) 269 Pac. 1059; 15 R. C. L. 1115; 12 Ann. Cas. 539, note; Custer v. Kroeger (Mo.) 280 S. W. 1035, 44 A. L. R. 1328; U. S. v. California Co-Op. Canneries, 279 U. S. 553, 73 L. Ed. 838.

It is as well true that courts will disregard on demurrer those things pleaded which are contrary to facts of which the court will take judicial notice.

"Ordinarily, when a case is submitted on demurrer, all of the facts stated in the pleadings demurred to are taken as true. To this rule there are some exceptions, one of which is important here. Only those facts are admitted by a demurrer which it is necessary to allege in the pleading. It is not necessary to allege facts of which the court will take judicial notice. Such facts will be considered by the court although not pleaded. * * * Those allegations of a pleading which are not necessary, and which are contrary to the facts of which judicial notice is taken are not admitted by a demurrer, but are treated as a nullity. * * *" French v. Senate (Cal.) 80 Pac. 1031, 2 Ann. Cas. 756, 69 L. R. A. 556.

To the same effect are 21 R. C. L. 509, and Verde Water & Power Co. v. Salt River W. U. Ass'n (Ariz.) 197 Pac. 227.

It appears from examination of the records of this court in cause No. 9104, Schneider v. Decker, which is reported in 129 Okla. 170, 189 Pac. 525, that the opinion relied on by the plaintiff and pleaded by him in his said petition was withdrawn by this court, and on May 4, 1920, a new opinion written, which reversed the cause and ordered a new trial therein, and that mandate thereon was shortly thereafter issued by the clerk of this court. There is no showing in the petition that any objection was made by the plaintiff in this action to the retrial of the cause in the trial court before the formal mandate of this court had been there received and spread of record. The mandate is but the formal advice and order of the Supreme Court to the trial court. It should be transmitted, filed, and recorded before further proceedings are had in the trial court, but the failure to receive, file, and record it prior to the further proceedings which are had in the trial court pursuant to the determination made by the Supreme Court may be waived.

"The mandate of the appellate court remitting the cause to the lower court is the official mode of communicating its judgment to the inferior tribunal. But while such a mandate may be necessary, if proper objection is made, to enable the lower court to proceed with the cause, still, this is regarded as a mere matter of practice; the theory being that the judgment of the appellate court gives the lower court authority to retry the cause, and if it is proceeded with in the lower court without objection being made to the absence of the mandate, the latter has jurisdiction." 2 R. C. L. 287.

The Supreme Court of Nebraska, speaking through Commissioner Roscoe Pound, stated the rule in the following language:

"If, however, both parties proceed without objection in the absence of a mandate, if the provisions of the judgment of reversal are carried out, and trial had, we do not doubt that the irregularity is not to be taken advantage of by either party in appellate proceedings. It is fundamental that no error is available in such proceedings unless prejudicial, and such an irregularity would be technical only, and without serious re-

sults." Horton v. State (Neb.) 88 N. W. 146.

In support of this rule are the following: Compiled Oklahoma Statutes, section 801; 4 C. J. 1208, 1210, 1211; State v. Banning (Ia.) 218 N. W. 572; Paul v. Luttrell, 1 Colo. 491; Gerard v. Gateau, 15 Ill. App. 520; Smith v. Garbe (Neb.) 124 N. W. 921, 136 Am. St. Rep. 674, 20 Ann Cas. 1209; Foster v. Jordan, 54 Miss. 509, 510.

This court, in several opinions, has stated that an order entered in a cause from which an appeal has been taken to the Supreme Court, after this court has rendered its decision and prior to the time that the mandate of this court has been filed and spread of record in the lower court, is null and void. Egbert v. S. L. & S. F. Ry. Co., 50 Okla. 623, 151 Pac. 228; Dooley v. Foreman, 94 Okla. 163, 221 Pac. 47; Board of Com'rs v. Baxter, 113 Okla. 280, 241 Pac. 752; American Investment Co. v. Wadlington, 122 Okla. 56, 250 Pac. 802. In none of these cases is the question raised in a collateral attack such as is attempted in the case at bar.

In the Egbert Case this court held that the trial court properly dismissed the action under the following circumstances: The Supreme Court on appeal held that plaintiff had sued for a sum in excess of the jurisdiction of the county court and reversed a judgment against the railroad. After the Supreme Court decision was entered, and before the mandate of the court was received and spread of record by the trial court, plaintiff asked and was granted permission to amend his petition and reduce the amount claimed to an amount within the jurisdiction of the court. The mandate from the Supreme Court was then received and spread of record, and the court sustained the motion of the defendant to dismiss the cause. This court sustained the trial court, holding that the trial court was not authorized to permit the amended petition before the mandate was received.

In the Dooley Case, while appeal was pending in the Supreme Court, the trial court permitted the plaintiff to file an amended petition and make additional party defendant. The new defendant demurred to the petition on the ground that the trial court had no jurisdiction to make him a party while the case was pending in the appellate court. This court sustained the contention of the defendant.

In Board of County Commissioners v. Baxter, this court had before it only the question of when the statute of limitation begins to run on a claim founded on a judgment, and held that it began to run on the date the mandate of the Supreme Court, which made the judgment final, was received and spread of record in the trial court.

In the American Investment Company Case, this court granted a writ of prohibition against the trial judge from passing upon a petition to vacate a judgment. Judgment was entered March 13, 1923. Petition to vacate the judgment was sustained October 8, 1924, and appeal taken. The Supreme Court reversed the cause on March 2, 1926, holding that the trial court had abused its discretion in vacating the judgment. On March 22, 1926, another petition to vacate the judgment was filed and the trial court was threatening to sustain it. On March 29, 1926, the mandate of this court was received and spread of record. This court commented on the effort of the trial court to destroy the judgment as the exercise of "a most flagrant lack of jurisdiction and unauthorized application of judicial force."

The rule announced in these cases goes further than was required to determine them. Such proceedings are not void but voidable, and to that extent the rule announced in the opinions mentioned is modified.

Plaintiff's petition, though ambiguous and uncertain in many respects, clearly discloses that the trial court retried the cause as directed in the decision rendered by this court. He does not allege clearly the facts of the retrial thus complained of, but the only conclusion to be drawn from his allegations is that a new decree was entered on the retrial of the cause, and there is no allegation that he objected thereto or appealed therefrom, so we are forced to the conclusion that retrial was had in the absence of a formal mandate from this court without objection, or, if objection was made, it was thereafter waived.

And further, it appears from plaintiff's petition that a mortgage foreclosure suit was filed against this property, he was a party defendant therein, he failed to make defense, and judgment was entered against him. It avails him nothing to state that his counsel did not properly represent him, for the acts of his counsel are his acts, and he is responsible therefor. There is no suggestion that defendant caused the attorney to make no defense therein. Winn v. Frost, 6 Okla. 86, 50 Pac. 184; Savage v. Dinkler, 12 Okla. 463, 72 Pac. 366; Lindsay v. Good-

man, 57 Okla. 408, 157 Pac. 344; Wagner v. Lucas, 79 Okla. 231, 193 Pac. 421; Gavin v. Heath, 125 Okla. 118, 256 Pac. 745. No sufficient grounds to vacate the mortgage foreclosure judgment are alleged.

It thus appears from the face of plaintiff's petition that E. C. Maddox holds title to the property involved in this suit by mesne conveyances from the purchaser at the mortgage foreclosure sale; that in the foreclosure judgment any right, title, or interest which the plaintiff in this cause had in and to these premises was foreclosed. The trial court properly sustained the demurrer to plaintiff's petition.

Though it is not necessary to pass upon the sufficiency of the plaintiff's petition to charge E. C. Maddox with notice of the purported fraud or participation therein, an examination of it discloses insufficient averments thereof. The demurrer is also good on that ground. The cause is affirmed.

BENNETT, TEEHEE, HERR, and FOSTER, Commissioners, concur. SWINDALL, J., disqualified.

By the Court: It is so ordered.