## CORLISS v. DAVIDSON & CASE LBR. CO. et al.

No. 28438. Oct. 4, 1938.

Rehearing Denied Nov. 15, 1938.

Thurman L. McCormick and Flay E. Randle, for plaintiff in error.

Falkenstine & Fisher, for defendants in error.

PHELPS, J. The Davidson & Case Lumber Company obtained a judgment foreclosing its materialmen's lien against certain

property owned by George E. Corliss. Thereafter, and during the same term of court, Mr. Corliss filed a motion in that proceeding, seeking to vacate the judgment on jurisdictional grounds. A hearing was had on that motion, at which all parties were present; the court heard argument and overruled the motion. Mr. Corliss then filed a motion for new trial, and same was likewise argued and overruled, whereupon he gave notice of appeal, and had the case-made prepared and filed same in the office of the district court clerk. Prior to expiration of the period in which he could have perfected the appeal, which he now appears to have abandoned, he filed the present action in the same district court, it being a separate action, by petition, naming himself as plaintiff. In the present action he seeks to vacate the judgment in the former action, on the same jurisdictional grounds which formed the basis of his overruled motion to vacate in that action.

After setting forth such grounds the petition in the present case contains the following statement:

"Plaintiff further states that he has used all diligence to obtain relief from the aforesaid illegal, unlawful and void judgment by filing motion to set the same aside, motion for a new trial, and finally notice of appeal by reason of the refusal of the trial court to grant to this plaintiff the relief to which he is entitled, viz., judicial nullification of said judgment, fraudulently secured as herein alleged."

To the above petition the defendant lumber company (plaintiff in the former action) and the defendant Fred Roach (purchaser at the sheriff's sale under the execution issued on that judgment) filed a pleading which they captioned a "Motion to Strike". The ground set forth in said pleading was that the petition showed on its face that the matters sought to be litigated therein were involved and pending before that same court in the other action, wherein the present defendant was plaintiff and the present plaintiff was one of the defendants: that is, pending preparatory to appeal from the order overruling the motion to vacate. The trial judge sustained said pleading, denominated "Motion to Strike", and dismissed the present action, from which the plaintiff appeals.

The plaintiff asserts in his brief that a motion to strike was not the proper pleading and that it cannot be used for the same purpose as a demurrer. Evidently, however, the trial judge construed the pleading to be a demurrer instead of a motion to strike, and this was correct in view of our

prior decisions to the effect that it is not what the pleading is called, but the facts and matters alleged, which determine its character. Robinson v. Anderson, 88 Okla. 136, 212 P. 121; Hocker v. Rackley, 90 Okla. 83, 216 P. 151; State v. City of Muskogee, 70 Okla. 19, 172 P. 796.

The pleading set forth that there was another action pending between the same parties for the same cause. Section 201, O. S. 1931, 12 Okla. St. Ann. sec. 267, reads:

"The defendant may demur to the petition only when it appears on its face, either: * * * Third. That there is another action pending between the same parties for the same cause. * * *"

Section 202, O. S. 1931, 12 Okla. St. Ann. sec. 268, provides that the demurrer shall specify distinctly the grounds of objection to the petition, and that unless it does so it shall be regarded as objecting only that the petition does not state facts sufficient to constitute a cause of action. As will be seen hereinafter, under the ruling in Dardenne v. Daniels, 101 Okla. 201, 225 P. 152, it is immaterial whether we call this pleading a general demurrer or a special demurrer, since the result would be the same in either case. Regardless of the title of the pleading, or its designation, it was a demurrer in substance, and we so treat it.

Another proposition of the plaintiff is that the court erred in concluding that the issues presented by the petition had previously been adjudicated by the order overruling the motion to vacate, in the former action. Under this proposition the plaintiff discusses at length certain alleged discrepancies between the petition, the materialmen's lien statement, and the judgment in the former action, but fails wholly to set forth any difference between the issues presented by the motion to vacate in that action and the issues which would be raised by the present action. According to the allegations of the present petition the plaintiff "used all diligence" to vacate the judgment, in the motion filed in the other case. He alleges that the judgment therein was illegal, unlawful, and void and that the motion to vacate same was for judicial nullification of said judgment, "fraudulently secured as herein alleged". It is clear that he presented the same matters in that motion which he now presents; and nowhere in his brief does he contend otherwise. The issues are the same, the subject matter is the same, the parties are the same so far as the present plaintiff and the lumber company defendant are concerned. The defendant purchaser is of course in privity

with the lumber company. As a general rule it is immaterial that in the former action there were more or fewer parties than in the present action, if the parties to the present action litigated the present issues, as between them, in the former action.

The plaintiff emphasizes the oft-repeated assertion that a void judgment may be vacated at any time, and that it is always subject to attack. But that principle does not mean that the question whether a judgment is void may repeatedly be litigated by the parties. The principles of "another action pending" and res judicata are still applicable to actions adjudicating whether or not the judgment is void. In other words, granting that a void judgment is subject to attack at any time, if parties litigate that very question (that is, whether it is void or should be voided), then the question is settled and it is no more the subject of repeated and vexatious suits between the same parties than is any other disputed question of fact or law. If this were not the case, then there would be no end to actions between the same parties to determine the validity of a former judgment.

When the plaintiff (former defendant) filed in the former action his motion to vacate, and was joined in hearing thereon by the adverse parties, and the court considered the issues and overruled the motion, such was an adjudication of identically the same issues as are sought to have determined herein. The plaintiff had his right of appeal, and went so far as to complete the case-made and file it with the district court clerk. Thus complete and adequate relief was available to him in that action. It therefore clearly was "another action pending" (see American Surety Co. v. Baldwin, infra) when the present action was filed. This brings the case squarely within Dardenne v. Daniels, 101 Okla. 201, 225 P. 152. In that case the unsuccessful party filed a petition to vacate the judgment. The petition, however, was filed in the original action, after judgment. While the same was pending he filed an independent action to vacate the judgment, as in this case. The petition in said independent action showed the pendency of the other proceedings, and that the parties and issues were the same, and it was held by the trial judge, and affirmed by this court, that such petition was subject either to a special demurrer or general demurrer. It was stated that a demurrer to the petition on the ground that there was "another action pending" should have been sustained if filed, but that even though a special demurrer had not been filed, it was proper to sustain a general demurrer, because of the fact that the petition itself disclosed the pendency of another action. The cases are identical in principle. It is true that in the Dardenne Case the former "action" was a petition to vacate, while here it was a motion to vacate, but that difference is immaterial in so far as the present question is concerned, for both were, in legal significance, other actions pending. And in Dooley v. Foreman, 94 Okla. 163, 221 P. 47, we held that a demurrer specifically challenging the jurisdiction of the court to an amended or supplemental petition, filed in the trial court while the case was pending in the Supreme Court, should have been sustained. In Oklahoma Press Publishing Co. v. Gulager, 168 Okla. 245, 32 P.2d 723, third syllabus, it was held that a petition showing pendency of a former action on its face is demurrable, but that grounds of abatement not appearing thereon must be alleged by answer.

The trial court not only was confronted with the admission made by the plaintiff in his petition, but furthermore was authorized, even in a proceeding on a demurrer, to take notice of proceedings formerly pending before it to which reference was made in the petition under consideration. It was within the power of the court to consider, on his own motion and without it being introduced in evidence, the motion to vacate in the former action, which was specifically referred to in the present petition. Schneider v. Decker, 144 Okla. 213, 291 P. 80, from which we quote:

"This court will take notice of its judgments and decrees, of its records and proceedings in actions formerly pending before it. It will take particular notice of proceedings formerly pending before it, to which reference is made in the pending litigation, wherein the same persons or their privies were parties and a decision vital to the pending cause has been entered. Loeser v. Loeser, 50 Okla. 249, 150 P. 1045; Ward v. Schwab, 106 Okla. 29, 232 P. 849; Courtney v. State, 41 Okla. Cr. 30, 269 P. 1059; 15 R. C. L. 1115, 12 Ann. Cas. 539, note; Custer v. Kroeger, 313 Mo. 130, 280 S. W. 1035; 44 A. L. R. 1328; U. S. v. California Co-op. Canneries, 279 U. S. 553, 73, 49 S. Ct. 423, 73 L. Ed. 838.

"It is as well true that courts will disregard on demurrer those things pleaded which are contrary to facts of which the court will take judicial notice.

"'Ordinarily, when a case is submitted on a demurrer, all the facts stated in the pleadings demurred to are taken as true. To this rule there are some exceptions, one of which

is important here. Only those facts are admitted by a demurrer which it is necessary to allege in the pleading. It is not necessary to allege facts of which the court will take judicial notice. Such facts will be considered by the court although not pleaded. * * * Those allegations of a pleading which are not necessary, and which are contrary to the facts of which judicial notice is taken, are not admitted by a demurrer, but are treated as a nullity. * * *' French v. Senate, 146 Cal. 604, 80 P. 1031, 1033, 69 L. R. A. 556, 2 Ann. Cas. 756.

"To the same effect are 21 R. C. L. 509, and Verde Water & Power Co. v. Salt River Valley W. U. Ass'n, 22 Ariz. 305, 197 P. 227."

Nor does the fact that the proceeding in which the former judgment or order was rendered was begun by a motion, instead of by a petition, make any difference. As stated by the Supreme Court of the United States in American Surety Co. v. Baldwin, 287 U. S. 156, 77 L. Ed. 231, 53 Sup. Ct. 98, the principles of res judicata or "another action pending" may apply although the proceeding in which the decision was rendered or is to be rendered was begun by a motion; and a decision, on a motion to set aside a judgment, to the effect that the court which rendered it had jurisdiction, is a bar to a subsequent suit to enjoin the enforcement of the judgment as having been rendered without jurisdiction. This must necessarily be true, for regardless of whether the controversy was started by a motion or by a petition, if the issues were properly brought before the court in some manner and if the parties were before the court, and the court made a binding decision which could have been appealed just as a judgment is ordinarily appealed from, it nevertheless is a thing adjudicated.

Plaintiff also points out that his ground for vacating the judgment was within those described in the fourth to ninth subdivisions, inclusive, of section 556, O. S. 1931, 12 Okla. St. Ann. sec. 1031, and that by section 558, O. S. 1931, 12 Okla. St. Ann. sec. 1033, the proceedings to vacate on any of those grounds must be by petition, whereas his proceedings to vacate in the former action were by motion. He therefore argues that the court did not have jurisdiction over the motion to vacate, which he filed in the former action, and that for said reason there was no other action validly pending, and that when the order overruling his motion therein became final the same was in law no judgment at all, because the court did not have jurisdiction to entertain his motion.

This proposition is erroneous. The latter

section has for many years been construed to apply only to proceedings to vacate filed after the term during which the judgment was rendered. In a long line of decisions this court has held that the inherent common-law power of courts over their judgments during the term in which rendered and the common-law rights of parties to move to set same aside in nonjury cases are not impaired by the statutes above considered. Richardson v. Howard, 51 Okla. 241, 151 P. 887; Hogan v. Bailey, 27 Okla. 15, 110 P. 890, 891, in which we said that during the term at which a judgment or order is rendered it remains subject to the control of the court, and that "this power over the judgments and orders of such a court is not dependent upon any statute, but is inherent in the court itself." See, also, Halliburton v. Illinois Life Ins. Co., 170 Okla. 360, 40 P.2d 1086, 1088, where, on the same question, involving a motion to vacate which was filed during the same term as that in which the judgment was rendered, we said:

"The power of the trial court to act on such a motion was not dependent on statutory grounds, but, on the contrary, involved the power of a court to control its judgment during term."

And in Welborn v. Whitney, 179 Okla. 420, 65 P.2d 971, we went so far as to say that a petition to vacate, filed within the same term in which the order or judgment was rendered, will be treated as a motion to set aside the order or to vacate the judgment. It is therefore clear that proceedings to vacate or modify a judgment or order on the grounds mentioned in subdivisions 4 to 9, inclusive, section 556, O. S. 1931, 12 Okla. St. Ann. sec. 1031, if brought within the same term in which the judgment or order under attack was rendered, may be instituted either by motion or petition, notwithstanding section 558, O. S. 1931, 12 Okla. St. Ann. sec. 1033, and that if it is begun by petition, same will be treated as a motion.

It is immaterial whether we regard the demurrer as having been sustained on the ground of "another action pending," or the principle of res judicata, since we arrive at the same result in either case. When the present action was filed, the order overruling the motion to vacate had been made by the trial court, but the appeal time had not yet expired. As we understand it, the appeal time did expire and the judgment became final prior to the entering of the present order in this action. It appears that the plaintiff had an adequate remedy

at law and voluntarily forsook it. Under the circumstances, and particularly under the doctrine of Dardenne v. Daniels, supra, we perceive no theory under which the trial judge could have ruled otherwise than he did in the judgment from which this appeal is taken. Accordingly, the judgment is affirmed.

OSBORN, C. J., and RILEY, GIBSON, and DAVISON, JJ., concur.