GEE v. HOWENSTINE et al. (two cases).

Nos. 32594, 32938.   Feb. 17, 1948.

Rehearing Denied March 30, 1948.

*191 P. 2d 578.*

Wilson & Wilson and Wesley R. Mc-Clanahan, all of Enid, and J. D. Chastain, of Oklahoma City, for plaintiff in error.

Falkenstine & Fisher, of Watonga, for defendants in error.

GIBSON, J.   These are two appeals in the same action.   One from judgment on foreclosure of real estate mortgage, which was not superseded, and the other from order confirming sale of the mortgaged property. The appeals were consolidated for the purpose of briefing and review.

In renewal and extension of prior note and mortgage lien, Frank T. Gee, plaintiff in error in both appeals, joined by his wife, Eula M. Gee, on February 15, 1928, as makers, executed to Commissioners of the Land Office of the State of Oklahoma their promissory note in the principal sum of $4,500 payable February 15, 1933, with interest thereon at the rate of 5% per annum prior to maturity, payable semi-annually, and at 10% per annum after maturity until paid.   And to secure same they executed their mortgage of even date covering west half of section 9, township 13 north, range 11 west, located in Blaine county.

On November 2, 1939, the said Commissioners instituted this action for judgment on the note and for foreclosure of the lien.   Parties defendant in that action were Frank T. Gee, Eula M. Gee and Thomas Howenstine and others not here named because they have no interest involved on the appeal.   It is alleged in plaintiff's petition that default had been made in the terms of the note and mortgage through failure to pay the principal of said note on maturity and failure for many years to pay the taxes assessed on said lands; that there is past due and owing on said note the sum of $7,208.75, same being the aggregate of $4,500 principal and $2,708.75 interest thereon; and, against said Frank T. Gee and Eula M. Gee there is prayed personal judgment for said aggregate amount with interest thereon at 10% and for foreclosure.   As to defendant Thomas Howenstine it is alleged that he claims some interest in the mortgaged premises, the nature of which is unknown to the plaintiff, but that same is junior and inferior to that of the plaintiff.

On February 20, 1940, Frank T. and Eula M. Gee filed joint answer wherein is pleaded the statute of limitations to

the indebtedness as a whole, and further that the provision of the contract for 10% interest after maturity was not authorized by law and void.

On July 17, 1940, Thomas Howenstine filed answer and cross-petition asserting title to the mortgaged premises by virtue of resale tax deed, a certified copy of which is attached as exhibit, claiming same to be co-equal with the lien of the plaintiff if it should be determined that plaintiff has a lien thereon, which is denied, and demanding strict proof thereof. It is further alleged that cross-petitioner is in peaceable possession, and prayed that his title be quieted against the claims of codefendants Frank T. and Eula M. Gee and others. The exhibit to the answer and cross-petition describes the land conveyed as N.W. and S.W. sec. 9, twp. 11, range 13, thus differing from the mortgaged premises which are located in twp. 13, range 11. The record does not reflect summons or notice to Frank T. or Eula M. Gee of the filing of such cross-petition or answer by them thereto.

Pursuant to general assignment of cases for trial the case was called for hearing on February 23, 1943. On application of plaintiff the trial of the issues made by plaintiff's petition and answers of defendants were stricken from the assignment and the court proceeded to hear only the issues on the cross-petition of Thomas Howenstine against Frank T. Gee, Eula M. Gee. and others made defendants thereto, involving the ownership of the mortgaged premises. Defendants Frank T. Gee and Eula M. Gee appeared neither in person nor by counsel. The court noted the nonappearance, adjudged them to be in default, and, after hearing the evidence adduced on behalf of cross-petitioner, adjudged the cross-petitioner Thomas Howenstine to be the owner of the mortgaged premises, and quieted his title thereto against the claims of said Frank T. Gee, Eula M. Gee and the others. Though not reflected in the case-made, it is asserted in the briefs and not denied that the following proceedings, which we deem material and properly to be considered on review, were had: On February 26, 1943, Frank T. Gee and Eula M. Gee filed in said cause their motion to set aside said judgment and for a new trial, assigning as reasons therefor divers of the statutory grounds for new trial and the further ground "That the ruling of the court in said cause and the judgment rendered therein is erroneous and void", and thereafter, on March 16, 1943, said motion was overruled by the court, exception thereto allowed, notice of appeal noted and extension of 90 days of time in which to prepare and serve case-made granted and stay of execution of the judgment ordered upon filing within 30 days a supersedeas bond in the sum of $1,000.

Thereafter, one Cy Howenstine, through purchase and assignment thereof, became owner of said indebtedness and mortgage lien, and upon his application was substituted as party plaintiff by the court, on July 17, 1945.

By leave of court Frank T. Gee filed his amended answer and cross-petition wherein is pleaded the statute of limitations, alleged that the rate of interest charged and demanded exceeds the maximum rate authorized by law, and as offset to said indebtedness and counterclaim there is demanded judgment for $5,400, which is alleged to be double the amount of the unlawful interest charged. The substituted plaintiff filed his reply and answer.

The cause came on for trial October 2, 1945, upon the issues between the plaintiff and the answering defendants Frank T. Gee and Eula M. Gee and Thomas Howenstine. The plaintiff, electing to proceed solely in rem, waived his right to a personal judgment against defendants Frank T. Gee and Eula M. Gee, and jury being waived the cause was tried by the court which awarded plaintiff judgment in rem in the sum of $11,473.89 with interest thereon at 10% per annum from October 2, 1945, adjudged same to be a first and prior

lien upon the mortgaged premises and directed that in event same be not paid within six months that order sale issue directing sale without appraisement, application of proceeds to payment of costs and judgment and the remainder to be paid to the clerk of the court. Therefrom the appeal in No. 32594 is prosecuted. Thereafter, in due course sale was made at which defendant in error Ira B. Blakely became the purchaser at the price of $8,000. The sale was confirmed over objection of Frank T. Gee, and therefrom the appeal in No. 32938 is prosecuted.

The errors alleged here are predicated upon the applicability of the statute of limitations to plaintiff's entire right of recovery and upon the illegality of the interest rate charged and allowed which bears on the amount of the judgment rendered and the denial of the offset and counterclaim. In their answer brief defendants in error challenge the sufficiency of the alleged errors and as a counterproposition urge that plaintiff in error is estopped from claiming any equity of redemption in the mortgaged premises by the judgment of the court rendered on February 23, 1943, quieting title thereto in defendant and cross-petitioner, Thomas Howenstine. In support of the proposition there is set forth in the brief in extenso, including case number and the court clerk's notation thereon of their filings, copies of said motion of Frank T. Gee and Eula M. Gee to vacate such judgment and grant a new trial and said order of court of March 16, 1943, overruling the same, and it is declared that same, probably through oversight, did not appear in the case-made and that application would be made to incorporate same therein. Plaintiff in error in response to said counterproposition does not question the correctness of the statement concerning the motion and order, and for the purpose of review we will consider the motion and order as incorporated in the case-made.

In view of the fact plaintiff in error suffers no personal liability under the judgment and could suffer detriment only by reason of his ownership, if any, of the mortgaged premises to which the lien applies, we will first consider said counterproposition because if sustained it will dispose of the appeal.

In answer to the charge of estoppel, plaintiff in error urges that the judgment purporting to quiet the title in the cross-petitioner is void for the following alleged reasons:

1. Cross-petitioner's right of action is expressly predicated upon the tax deed which is made an exhibit thereto. And since the exhibit prevails where there is discrepancy between it and the face of the pleading, there is no petition to support the judgment.

2. That the cross-petition was not filed until near five months after co-defendant Gee had answered, and since no summons or notice was served upon Gee and he not appearing in answer thereto, the court was without jurisdiction to award the judgment against him.

3. That the issue tendered in the cross-petition was not germane to the issues in the main action and therefore the court was without jurisdiction to award judgment thereon.

In the reply brief of plaintiff in error no denial is made of the charge that no appeal was prosecuted from the order of the court overruling the motion to vacate the judgment rendered on the cross-petition. Nor is there in this appeal any error assigned or presented upon that order of the court.

In view of the situation we deem it unnecessary to consider the judgment quieting title at the time of its rendition in light of the grounds of the attack thereon, because whether voidable or void the court had jurisdiction to entertain the motion made to vacate the same (Tit. 12, O. S. 1941 §§1031 and 1038), and the action of the court in refusing to vacate was a final judgment and if erroneous constituted ground

134

for reversal on appeal. Griffin et al. **v.** Jones et al., 45 Okla. 305, 147 P. 1024. Under the circumstances the controlling effect of the judgment quieting the title is to be determined by the adjudication thereof which was made in the order refusing to vacate the same. And since same is final, plaintiff in error is estopped thereby to question the decree quieting the title. Corliss v. Davidson & Case Lbr. Co., 183 Okla. 618, 84 P. 2d 7; Kiniry v. Davis, 82 Okla. 211, 200 P. 439.

Judgment affirmed.

HURST, C.J., DAVISON, V.C.J., and BAYLESS, WELCH, CORN, ARNOLD, and LUTTRELL, JJ., concur.