Elsie Jo CUNNINGHAM, Appellee,

v.

Johnnie Wayne CUNNINGHAM, Appellant.

No. 49415.

Supreme Court of Oklahoma.

Nov. 1, 1977.

Rehearing Denied Dec. 6, 1977.

Miskovsky, Sullivan & Miskovsky by Carroll E. Gregg, Everett J. Sweeney, Oklahoma City, for appellee.

David A. Cheek, McKinney, Stringer & Webster, Oklahoma City, for appellant.

DAVISON, Justice:

In October, 1975, the District Court of Oklahoma County, issued a decree granting Elsie Jo Cunningham a divorce from her spouse Johnnie Wayne Cunningham. The decree made a division of property and also contained an award of attorney fees in favor of the plaintiff, Elsie Jo Cunningham.

Defendant, Johnnie Wayne Cunningham, under the provisions of 12 O.S.1971 § 1031, filed a Petition to Vacate that decree. The trial court sustained a demurrer to the Petition to Vacate. Upon the filing of an Amended Petition to Vacate, the trial court sustained a demurrer to that petition, *and dismissed the cause.* The defendant appealed from the sustaining of the demurrer and dismissal, and the Court of Appeals, Division 1, reversed and remanded the case, holding that the Amended Petition to Vacate stated a cause of action. In so ruling, the Court of Appeals held that the Amended Petition to Vacate stated a cause of action to vacate, under the provisions of 12 O.S.1971 § 1031, as the decree was entered due to an "irregularity" in obtaining the order, *for the case was not at issue* at the time the decree was entered. The Court of Appeals' finding that the case was not at issue was based on the plaintiff's failure to file an answer to the defendant's cross-petition.

Plaintiff below has petitioned this Court to grant a Writ of Certiorari and to review the opinion of the Court of Appeals.

As the opinion of the Court of Appeals is contra to both statutory and case law in this jurisdiction, we grant certiorari and reverse the decision of the Court of Appeals.

■ In holding that the divorce action was not at issue, the Court of Appeals ignored the provisions of 12 O.S.1971 § 306 and 12 O.S.1971 § 666.

12 O.S.1971 § 306 provides:

"*Every material allegation of the petition, not controverted by the answer, and every material allegation of new matter in the answer, not controverted by the reply, shall, for the purposes of the action, be taken as true*; but the allegations of new matter in the reply shall be deemed to be controverted by the adverse party, as upon direct denial or avoidance, as the case may require. A demurrer to a reply shall not be held to admit any of

the facts alleged in such reply for any purpose other than to determine the sufficiency thereof. Allegations of value, or of amount of damages, shall not be considered as true, by failure to controvert them; but this shall not apply to the amount claimed in action on contract, express or implied, for the recovery of money only." [Emphasis added]

Under the provisions of the above quoted statute, every material allegation of new matter in the defendant below's cross-petition, not controverted in an answer to the cross-petition, was deemed true for the purpose of the cause of action.

12 O.S.1971 § 666 provides:

"*Actions shall be triable* at the first term of court, after or during which the issues therein, by the time fixed for pleading are, or shall have been made up. When the issues are made up, *or when the defendant has failed to plead within the time fixed; the cause shall be placed on the trial docket*, and if it be a trial case shall stand for trial at such term ten days after the issues are made up, and shall, in case of default stand for trial forthwith. When any demurrer shall be adjudged to be frivolous the cause shall stand for hearing or trial in like manner as if an issue of fact had been joined in the first instance." [Emphasis added].

Under the provisions of the above quoted statute, a case is properly set for trial when the issues are made up *or when the defendant has failed to plead within the time fixed.* Here, plaintiff in the position of a defendant for the purposes of the cross-petition, failed to timely answer the cross-petition. At the time of plaintiff's default, the cause was properly placed on a trial docket.

In ruling that the trial court erred in sustaining a demurrer to the Amended Petition to Vacate, the Court of Appeals held that when no answer to a cross-petition is filed in a case, the case is not "at issue", and setting the case for trial constitutes an "irregularity" as that term is used in 12 O.S.1971 § 1031. As the setting of the case in which no answer has been filed is proper once the time to answer has elapsed, we hold that the Court of Appeals' opinion was incorrect.

Accordingly, we hold that the allegations in the defendant below's petition, with respect to the case "not being at issue" were insufficient to state a cause of action, which would give rise to the vacation of a judgment or order.

We next consider the other allegations in the defendant below's Amended Petition to Vacate. In addition to the allegations discussed, the defendant below's Amended Petition to Vacate alleged that the divorce decree entered by the trial court should be vacated for:

1. The decree was the produce of *fraud* on the part of the successful party, and the result of an *unavoidable casualty or misfortune*, in that the defendant was not notified of the day of trial, either by plaintiff's counsel or by his own counsel, who withdrew, allegedly not notifying his client of the date of trial.

2. The judgment was taken upon a warrant of plaintiff's attorneys for more than was due the plaintiff, when the defendant was not summoned or otherwise legally notified of the time and place of the taking of the judgment.

3. The judgment was rendered due to an *irregularity* in that there is additional jointly acquired property to which the decree did not speak, and that the trailer home which the defendant received in the property settlement was, at the time of the initiation of the divorce proceedings, no longer an asset of the parties because it had been sold.

The petition shows on its face that at the time the case was set for trial, defendant below was represented by counsel, who later withdrew. Defendant below alleged in his petition that his attorney neglected to notify him of the date of trial, arguing that such neglect constitutes an unavoidable casualty or misfortune which prevented him from appearing at trial.

■ In considering a demurrer to a petition, courts in this State will disregard facts plead which are contrary to facts of which the court takes judicial notice. In *Schneider v. Decker*, 144 Okl. 213, 291 P. 80 (1930), we stated:

"'Ordinarily, when a case is submitted on a demurrer, all the facts stated in the pleadings demurred to are taken as true. To this rule there are some exceptions, one of which is important here. Only those facts are admitted by a demurrer which it is necessary to allege in the pleading. It is not necessary to allege facts of which the court will take judicial notice. Such facts will be considered by the court although not pleaded. * * * *Those allegations* of a pleading which are not necessary, and *which are contrary to the facts of which judicial notice is taken, are not admitted by a demurrer*, but are treated as a nullity. * * * *'" [Quoting from *French v. Senate*, 146 Cal. 604, 80 P. 1031 (1905)]

Also see *Corliss v. Davidson & Case Lumber Co.*, 183 Okl. 618, 84 P.2d 7 (1938), and *Chisholm v. Stephenson*, Okl., 363 P.2d 229 (1961).

■ In the case before us, the motion of defendant below's attorney to withdraw, clearly indicated that the case was set for trial on the 17th day of October, 1975. Defendant alleged that the motion contained no mention of the date of trial. Taking judicial notice of the withdrawal, part of the record in the case, it is clear that defendant below's attorney had been apprised of the date of trial, and that notice of that date was contained in that attorney's motion to withdraw, and that the attorney certified that he mailed a true and correct copy of the Motion to Withdraw, together with the Order to the defendant below on December 30, 1975. The Motion to Withdraw clearly establishes that defendant below's counsel was notified of the date of trial—thus, no question of failure of the Court Clerk to so notify the parties is presented in the case before us.

Although defendant below alleges that fraud was involved because the plaintiff below failed to notify him of the trial date, we find no duty on the part of plaintiff below to notify the opposing party, particularly in light of the fact that the court record reflected that a copy of the Motion to Withdraw which indicated the date of trial was sent to the defendant.

■ Clearly, defendant below's attorney had a duty to notify him of the date of trial. It is alleged that this duty was breached, as the defendant below did not receive notice of the time of trial. However, the defendant below does not allege that he had not been informed of his attorney's withdrawal from the case. Even assuming this, this Court has repeatedly held that the negligence of an attorney while representing his client is imputed to the client and constitutes negligence of the client, and accordingly does not constitute unavoidable casualty and misfortune, justifying the vacation of a judgment. E. g., *Grayson v. Stith*, 181 Okl. 131, 72 P.2d 820 (1937). More specifically, in *Pickering Lumber Co. v. Lacy*, 170 Okl. 447, 44 P.2d 42 (1935), this Court, in the first Syllabus stated:

"Negligence of the part of an attorney representing a litigant in a pending action in failing to ascertain the date of trial, which negligence results in a default judgment does not constitute 'unavoidable casualty or misfortune' * * *."

In the case before us, the allegation that the defendant below was not notified of the time of trial by this attorney, does not state a cause of action for vacation of a judgment, as under the case law cited above, the allegation merely spoke to an attorney's negligence, and such negligence does not constitute an unavoidable casualty or misfortune, and therefore does not constitute grounds for the vacation of the divorce decree.

■ We next consider the allegation in defendant below's Amended Petition to Vacate which was based upon the judgment being taken upon warrants for more than was due the plaintiff. The allegation read as follows:

"That judgment was taken upon warrants of plaintiff's attorney for more than was due to the plaintiff, when the defendant was not summoned or otherwise legally notified of the time and place of taking said judgment; * * * ."

This allegation constitutes nothing more than a legal conclusion framed in statutory language—no facts were plead, other than the conclusion, thus the allegation does not state a cause of action.

 Lastly, we consider an additional allegation which asserted that the judgment in the case was rendered due to an irregularity in obtaining the judgment. This allegation is based upon two facts. First, the defendant below alleged that there was additional jointly acquired property which needed to be distributed by the court. Secondly, he alleged that the trailer home which he was awarded as part of the property settlement was no longer an asset of the parties at the time the divorce action was commenced, nor at the time of judgment. These allegations assert in essence that the findings of fact made by the trial court regarding the parties' ownership of property were error. Such errors, if in fact they are errors, do not constitute irregularities, and are not grounds for vacation of a judgment under 12 O.S.1971 § 1031. Rather, such errors should have been asserted in an appeal from the judgment.

Because none of the allegations in the defendant below's Amended Petition to Vacate constituted a cause of action, either singularly or jointly, we grant a writ of certiorari, and affirm the trial court's sustaining of the demurrer to that petition.

CERTIORARI GRANTED; OPINION OF THE COURT OF APPEALS VACATED; DECISION OF THE TRIAL COURT AFFIRMED.

LAVENDER, V. C. J., and WILLIAMS, IRWIN, BERRY, and BARNES, JJ., concur.

HODGES, C. J., and SIMMS, and DOOLIN, JJ., dissent.