2007 OK CIV APP 4

**Bryan ABRAMS, Plaintiff/Appellant,**

**v.**

**Shondella ABRAMS, Defendant/Appellee.**

**No. 102,778.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Dec. 8, 2006.

Floyd W. Taylor, Taylor & Associates, Oklahoma City, OK, for Plaintiff/Appellant.

Joseph P. Balkenbush, Oklahoma City, OK, for Defendant/Appellee.

ROBERT DICK BELL, Presiding Judge.

¶ 1 Plaintiff/Appellant, Bryan Abrams (Husband), appeals the trial court's judgment sustaining the motion to dismiss filed by Defendant/Appellee, Shondella Abrams (Wife). For the reasons discussed hereinafter, we affirm.

¶ 2 Husband and Wife were married December 11, 1992 and divorced March 21, 1996. One child was born of the marriage on May 6, 1995. Several years after the divorce, Wife moved to modify the visitation schedule. She also sought a contempt citation on the basis that Husband failed to pay child support and the parties' income tax obligation. In response, Husband moved to modify custody and for a contempt citation against Wife. Throughout these proceedings, Husband was represented by attorney Willard J. Gettle. The parties' motions were partially settled on January 23, 2001. The trial court and the parties signed a court minute outlining the parties' settlement agreement. The court minute recognized each party owed the other child support and that arrearage existed, but did not specifically calculate these amounts. The court minute also referenced an IRS debt owed by Husband to Wife. The court minute ordered the parties to calculate these sums and offset the respective amounts owed to each other. After offset, a judgment was to be entered against the party who owed money to the other party.

¶ 3 A journal entry memorializing the settlement agreement and calculating the amounts owed by the parties was eventually signed by the trial court August 28, 2002, and filed September 11, 2002. The journal entry bore the signatures of both parties' attorneys and the guardian ad litem. On July 1, 2002, Gettle was suspended from the practice of law.[1] Husband presented no evidence that Gettle signed the journal entry after he was suspended, nor does he claim the journal entry was void or voidable because of Gettle's suspension.

¶ 4 In February and March 2005, Wife filed applications for contempt citation and for income assignment alleging Husband failed to pay child support and other payments ordered under the modification order. On August 23, 2005, Husband filed a petition to vacate the modification order pursuant to 12 O.S.2001 § 1031(3) and (4). He claimed the modification order was irregularly and fraudulently procured because he did not communicate with his attorney regarding the content of, or authorize, the journal entry and he only learned of the existence of the journal entry in March, 2005. Wife moved to dismiss Husband's petition to vacate on the basis that he failed to state a claim upon which relief can be granted. The trial court sustained Wife's motion. Husband appeals from that order.

¶ 5 This Court reviews a trial court's dismissal of a petition for failure to state a claim *de novo*. *Estate of Hicks ex rel. Summers v. Urban East, Inc.*, 2004 OK 36, ¶ 5, 92 P.3d 88, 90. "The function of a motion to dismiss is to test the law of the claims, not

1. Gettle's resignation from the Oklahoma Bar Association was accepted April, 2003.

the facts supporting them." *Id.* When we assess the sufficiency of a petition, the general rule is that a petition should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief. *Id.* Thus, this Court must determine whether, after taking all of plaintiff's allegations as true, plaintiff is precluded from recovering as a matter of law. *Id.*

¶6 On appeal, Husband urges the trial court erred when it sustained Wife's motion to dismiss without granting Husband leave to amend his petition to vacate. Title 12 O.S. 2001 § 2012(G) provides upon granting a motion to dismiss a claim for relief, the court shall grant leave to amend if the defect can be remedied. Thus, the question on appeal is whether, under the facts of this case, Husband is able to remedy the defect in his petition to vacate.

¶7 In the trial court, Husband sought to vacate the modification order under § 1031(4).[2] This section provides in part, "The district court shall have power to vacate or modify its own judgments or orders ... (4) For fraud, practiced by the successful party, in obtaining a judgment or order." Explicit in this statutory language is the requirement that such fraudulent conduct be perpetrated by the successful party. *See Patel v. OMH Med. Ctr., Inc.,* 1999 OK 33, ¶25, 987 P.2d 1185, 1196. Here, Husband did not allege Wife or her counsel committed actual fraud. Instead, he contends "constructive fraud" was perpetrated upon him due to the prolonged circumstances surrounding the execution of the journal entry and his counsel's personal difficulties and resulting resignation from the bar.

¶8 Proof of constructive fraud will meet the requirements of § 1031. *Patel* at ¶35, 987 P.2d at 1199. Constructive fraud is a breach of either a legal or equitable duty. *Id.* at ¶34, 987 P.2d at 1199. In this regard, Husband asserts Wife's counsel knew or should have known about Gettle's personal

difficulties and professional malfeasance, and, due to this knowledge, Wife's counsel committed fraud in the procurement of the judgment. However, Husband failed to cite any legal authority supporting his theory that Wife's counsel owed him a legal or equitable duty. Consequently, we reject this contention.

¶9 In the trial court proceeding, Husband relied solely upon Gettle's delayed procurement of the journal entry, failure to communicate, and later suspension as grounds to vacate the modification order. The Supreme Court has held "the negligence of an attorney while representing his client is imputed to the client and constitutes negligence of the client, and accordingly does not constitute unavoidable casualty and misfortune, justifying the vacation of a judgment." *Cunningham v. Cunningham,* 1977 OK 203, ¶17, 571 P.2d 839. We similarly hold Husband may not rely upon his own counsel's alleged negligence as a ground to vacate the modification order under § 1031(4).

¶10 Based on the foregoing, it appears beyond doubt that Husband will be unable to prove any facts upon any theory which would entitle him to vacate the modification order. Consequently, we cannot find the trial court erred when it sustained Wife's dismissal motion without first granting Husband leave to amend his petition. The trial court's dismissal order is therefore affirmed.

¶11 AFFIRMED.

HANSEN, J., and JOPLIN, J., concur.

2.  Husband also sought to vacate the modification order under § 1031(3). But, he provides no arguments or relevant authority relating to the trial court's dismissal of this claim. Accordingly, Husband abandoned any claimed error with respect to this issue. *See McLaughlin v. McLaughlin,* 1999 OK 34, ¶2, 979 P.2d 257, 259 n. 1 ("Claims to error for which there is no support in argument and authority are deemed abandoned.")